## Peter Moon v. The Mayor, Aldermen, Chief of Police and Board of Fire and Police Commissioners of the City of Champaign.

1. MANDAMUS—*what essential in order that discharged patrolman may gain reinstatement by.* In order that a discharged patrolman may be entitled to reinstatement by mandamus, he must establish that at the time of his discharge he was an officer *de jure.*

2. OFFICE DE JURE—*when that of patrolman is not.* Held, that an ordinance which merely defined what should constitute the police department of a city and provided, among other things, that such department should consist of "as many policemen as the city council may from time to time provide for," does not thereby render the office of a patrolman taken into the city's service as one *de jure*, from which he cannot be discharged without formal charges and trial.

Mandamus proceeding. Error to the Circuit Court of Champaign County; the Hon. SOLON PHILBRICK, Judge. presiding. Heard in this court at the May term, 1904. Affirmed. Opinion filed October 14, 1904.

THOMAS J. SMITH and WESLEY E. KING, for plaintiff in error.

F. R. HAMILL, for defendants in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

On February 6, 1904, plaintiff in error filed his second

amended petition in the Circuit Court of Champaign county for a writ of mandamus directed to the mayor, the chief of police, the aldermen as members of the city council, and the members of the board of fire and police commissioners of the city of Champaign, commanding them to reinstate plaintiff in error as a patrolman in the police department of said city and to permit him to discharge the duties of said office until his successor should be duly and legally appointed or he be otherwise legally discharged, and commanding them to pay him his salary as such patrolman from and after May 1, 1903.

Plaintiff in error alleges that the city of Champaign is a municipal corporation organized and existing under the laws of the State of Illinois; that by section 355 of an ordinance of said city, it was provided that " the police department of the city of Champaign shall consist of mayor, the aldermen, the police magistrate, who shall be *ex officio* members of the police department, and a chief of police and as many policemen as the city council may from time to time provide for, and one keeper of the city prison and such other officers as are given police power by ordinance of the city," and by section 358, " The chief of police shall be chief of the city police, under the direction of the mayor; and all police officers shall be in subordination to the chief of police, and shall aid and assist him in the preservation of peace and good order and in the enforcement of the laws and ordinances of the city ;" that on May 7, 1901, plaintiff in error was duly nominated and appointed a patrolman in the police department of said city; that he entered into bond and took the oath of office, and was on May 16, 1901, commissioned a patrolman in and for said city, with authority to execute the duties thereof and receive the emoluments incident thereto, until his successor should be duly chosen and qualified; that in pursuance to such appointment and commission he performed the duties and enjoyed the emoluments of said office from thenceforward, up to and including the 6th day of May, 1903; that on April 21, 1903, at a regular election held in the city of Champaign,

the said city having then and there a population of more than 7,000 and less than 100,000 inhabitants, by a majority of the votes cast at said election, adopted an act of the General Assembly, approved and in force April 2, 1903, entitled, " An act to provide for the appointment of a board of fire and police commissioners in all cities of this state having a population of not less than seven thousand nor more than one hundred thousand, and prescribing the duties and powers of such board;" that on May 6, 1903, the mayor, the city council and chief of police undertook to remove and discharge plaintiff in error from the office of patrolman, without preferring any written charges against him and without giving him an opportunity to be heard in his own defense; that there was then and there no board of fire and police commissioners, none having been appointed; that on May 6, 1903, the chief of police, by the advice of the city council and under the direction of the mayor, notified plaintiff in error that he was no longer a patrolman nor a member of the police department of said city, and that he was removed from his said office, and demand was made on plaintiff in error by the chief of police, that plaintiff in error surrender his said office and his emblems and insignia of office and all property in his possession as such officer belonging to said city; that plaintiff in error, protesting that the acts of said mayor and city council in attempting to remove him from office were illegal and void, yet believing in the authority of the chief of police to order and direct him, plaintiff in error, obeyed the said order of the chief of police and surrendered to him his insignia of office and all the property of said city in his possession; that on June 18, 1903, plaintiff in error made demand that he be reinstated and assigned to duty as a member of the police force of said city and for the payment of his salary from May 1, 1903; that pursuant to the act of the General Assembly providing for the appointment of a board of fire and police commissioners adopted by said city of Champaign, B. C. Beach, A. C. Singbusch and Chas. W. Crosby were on June 23, 1903, appointed,

and afterwards on July 5, 1903, duly qualified as members of the said board of fire and police commissioners of said city; that on November 23, 1903, plaintiff in error made demand on said board of fire and police commissioners to be restored to the office of patrolman in the police department of said city; that on April 28, 1903, the city council of said city of Champaign passed an ordinance relating to salaries of the police department of said city whereby the salary of police officers was fixed at $60 per month.

Defendants in error interposed a general demurrer to this petition, which was sustained by the court, and judgment rendered against plaintiff in error in bar of the action and for costs. This writ of error is prosecuted to reverse such judgment.

Plaintiff in error asserts his right to the office of patrolman and to its emoluments, under and by virtue of section 355 of the ordinances of the city of Champaign set out in his petition, and claims exemption from removal or discharge from said office by virtue of section 12 of an act to provide for the appointment of a board of fire and police commissioners, etc. (approved and in force April 2, 1903), which provides that " No officer or member of the fire or police department of any such city who shall have been such for more than one year prior to the passage of this act or who shall have been appointed under the rules and examination provided for by this act, shall be removed or discharged except for cause, upon written charges and after an opportunity to be heard in his own defense." The petition avers the appointment of plaintiff in error as such patrolman on May 16, 1901; the adoption by the city of Champaign of the act in question on April 21, 1903, and the summary removal and discharge of plaintiff in error on May 6, 1903.

It is conceded that plaintiff in error is not entitled to have a peremptory writ of mandamus awarded unless he was an officer *de jure* at the time of his removal and discharge, and as we are constrained to hold that he was not an officer *de jure*, we shall confine ourselves to a discussion of that question, as decisive of the case.

Section 2 of article 6 of the act for the incorporation of cities and villages (Hurd's Stat. 1903, p. 297) provides, that "the city council may in its discretion, from time to time, by ordinance passed by a vote of two-thirds of all the aldermen elected, provide for the election by the legal voters of the city or the appointment by the mayor, with the approval of the city council, of a city collector, a city marshal, a city superintendent of streets, a corporation counsel, a city comptroller, or any or either of them, and such other officers as may by said council be deemed necessary or expedient," and it is insisted that section 355 of the city ordinances passed in pursuance thereto, provides who shall constitute the police department of the city of Champaign, and that the office of patrolman was thereby established as a constituent part of such police department.

The section of the ordinance in question provides that "the police department of the city of Champaign shall consist of mayor, the aldermen, the police magistrate, who shall be *ex officio* members of the police department, and a chief of police and as many policemen as the city council may from time to time provide for, and one keeper of the city prison and such other officers as are given police power by ordinance of the city." It will be observed that patrolmen are not designated in the ordinance. Assuming, however, for the purpose of the argument, that the patrolmen are policemen, the ordinance does not designate how many policemen there shall be in the department, whether one or more. Manifestly the language, "and as many policemen as the city council may from time to time provide for," means that the city council shall determine for itself from time to time, as the exigencies of the public service may demand, how many, if any, policemen should be in the police department.

The ordinance was adopted for the purpose of creating a police department, and of designating what officers should constitute that department. It did not assume to create the officers who should constitute such department. We know of no method provided by law, other than by the

passage of an ordinance, whereby the city council is authorized to create the office of policeman or to determine and fix the number of policemen in the police department, and until such ordinance or ordinances are adopted there can be no *de jure* policemen or patrolmen. The petition does not allege the passage of an ordinance creating the office of policeman, nor the passage of an ordinance fixing the number of such policemen. Stott v. City of Chicago, 205 Ill. 281, and The People v. City of Chicago, 210 Ill. 479, are authority for the views herein expressed.

The demurrer to the petition was properly sustained and the judgment of the Circuit Court is affirmed.

*Affirmed.*