Treat, C. J. The act of the 12th of February, 1831, authorized towns containing a population of not less than one hundred and fifty inhabitants, to become incorporated for municipal purposes. Corporations formed under this law possessed no power to license groceries. The power remained in the County Courts. The town of Ottawa was incorporated by a special act passed on the 21st of July, 1837. The charter expressly conferred the power to license and regulate groceries within the limits of the corporation. The 7th section of “An act regulating tavern and grocery licenses,” approved March 2nd, 1839, was as follows: “The president and trustees of incorporated towns shall have the exclusive privilege of granting licenses to groceries within their incorporated limits; and all sums of money, which may be received for licenses as aforesaid, shall be paid into the county treasury.” Between the passage of this law and üfct&y 1848, the town of Ottawa received the sum of $312,50, for licenses granted to keep groceries within its limits. The county of La Salle brought an action to recover the money thus received; and the Circuit Court, on the foregoing state of facts, rendered a judgment against the town for the amount thereof. That decision is assigned for error. The special act incorporating the town of Ottawa conferred upon it the power to license and regulate groceries within its limits, and the right to retain to its own use the moneys received for licenses. This right continued in the corporation, unless it was taken away by the general law of the 2nd of March, 1839. In our opinion, that law should not be so construed as to defeat the right. We think the section before quoted was designed to apply to towns incorporated under the law of 1831, and which possessed no power to license groceries, and not to extend to' corporations created by special acts, on which the power to license groceries had already been conferred. The object was to confer this power on the former class of corporations, and at the same time to retain the money in the county treasury, where it had hitherto been paid. It was simply a transfer of the power to license groceries, from the County Courts to the authorities ©f incorporated towns. The first clause of the section had no application to the town of Ottawa, for it already possessed the same power under a special law. By this construction, there is no inconsistency between the two laws, bnt the .provisions of both may remain in fall force. To adopt a different construction, would be to hold that the legislature intended to repeal so much of the charters of cities and towns, as conferred authority to grant licenses to keep groceries. There is nothing on the face ■of the law of 1839, except the general language of the 7th section, that indicates any design to interfere with the powers previously granted to such corporations. If there is a repeal, it is by implication only. It is a maxim in the construction of statutes, that the law does not favor a repeal by "implication. The earliest statute continues in force, unless the 'two are clearly inconsistent with, and repugnant to each -other, or -unless in the latest statute, some express notice is taken of the former, plainly indicating an intention to repeal it. And where two acts are seemingly repugnant, they should, if possible, be so construed, that the latter may not operate as a repeal of the former by implication. Dwarris, 674; Bacon’s Ab. Tit. Stat. D.; Bowen v. Lease, 5 Hill, 221; Bruce v. Schuyler, 4 Gilman, 221; Kinney v. Mallory, 3 Alabama, 626; Planter’s Bank v. The State,6 Smedes & Marshall, 628. So, a subsequent statute which is general, does not abrogate a former statute which is particular. Dwarris, 674. And a general law does not operate as a repeal of a special law on the same subject, passed at the same session. 4 Pike, 410. These authorities arc decisive of the question. There is no necessary repugnancy "between the general law and the special act, but they can be 'easily reconciled, and allowed to stand together. Full effect maybe given "to both, without impairing the provisions of either. The case was heard in the Court below on a'n agreed statement of facts, and no bill of exceptions was taken to the decision of the Court. It is now insisted, that the agreement is not before this Court. A question arising in the case was, at the urgent request of the parties, submitted and decided at the last term, and they then treated the agreement as part of the record. See 11 Illinois, 654. It is now too late to raise the objection. The •agreement is a part of the record 'for all purposes, if for any. The judgment is reversed» Judgment reversed.