## JOHN W. PHELON vs. INHABITANTS OF GRANVILLE.

Hampden.   Sept. 22, 1885. — Jan. 5, 1886.   FIELD, C. ALLEN, & GARDNER,
                                  JJ., absent.

The office of collector of taxes of a town being vacant, the selectmen orally agreed
   to appoint A. collector.   A paper, purporting to be such an appointment, was
   signed by one of the selectmen, who also, without any other authority than that
   implied by the oral agreement, signed the names of the other selectmen to the
   paper, and it was delivered to A.   He subsequently took the oath of office, and
   gave bond in such sum as the selectmen required.   After this the selectmen, as
   assessors of taxes, committed to him a warrant to collect the taxes.   *Held*, that
   his appointment was not in compliance with the Pub. Sts. *c.* 27, § 90 ; and that
   he could not maintain an action against the town to recover compensation for
   his services in collecting the taxes.

CONTRACT, to recover $182.87, for services performed for the
defendant town as a temporary collector of taxes.   Trial in the
Superior Court, without a jury, before *Brigham*, C. J., who found
the following facts :

The defendant town, at its annual town meeting, on March 21,
1881, elected William C. Phelon to be collector of taxes for the
ensuing year, having previously, on the same day, voted to let
the collection of taxes to the lowest bidder, and William C.
Phelon having bid the collection of taxes for nine mills on a
dollar for money actually collected.   William C. Phelon failed
to give the bond required by the Pub. Sts. *c.* 27, § 124.   There-
upon the following paper, purporting to be signed by "J. C.
Carpenter, M. B. Miller, and W. E. Barnes, Selectmen of Gran-
ville," and dated July 1, 1881, was on that day delivered to the
plaintiff :

" To John W. Phelon, of Granville, Hampden County, Mass. :
Whereas William C. Phelon, who was elected collector of taxes
at the last annual election of said town, has failed to give the
bond required by law of collector of taxes, and the office of col-
lector has thereby become vacant, and is declared vacant by the
subscribers, we, the subscribers, hereby appoint you, the said
John W., collector of taxes, *pro tempore*, of said town."

J. C. Carpenter, M. B. Miller, and W. E. Barnes were the
duly elected and qualified selectmen of the defendant town for
the year 1881; but J. C. Carpenter only signed said paper, and

he put upon it the names of the other two selectmen, when they were not present, and without any authority or direction from them, unless such authority or direction is implied in the oral agreement of the said three selectmen, prior to the making of said paper, that the plaintiff should be appointed collector of taxes, as stated in said paper.

Upon said paper, at the foot thereof, appears a certificate of a justice of the peace, that, on July 15, 1881, " the above-named John W. Phelon personally appeared and made oath, according to law, that he would faithfully collect the taxes of the town of Granville according to law."

The certificate was delivered by the plaintiff to the clerk of the defendant town, recorded by him, and returned to the plaintiff, who has had the certificate in his possession since. When it was thus returned did not appear. The certificate was not otherwise filed with said clerk, or in his office. No assessors were elected by the defendant in the year 1881.

Subsequently to the making of said paper, purporting to be the appointment of the plaintiff to be collector of taxes, the plaintiff executed and delivered to the defendant a bond in such sum as was required by said three selectmen, and with sureties to their satisfaction, for the faithful discharge by the plaintiff of the duties of the office of collector of taxes, agreeably to the provisions of the Pub. Sts. *c.* 27, § 124.

Subsequently to the giving of said bond, namely, on August 26, 1881, all of said selectmen committed to the plaintiff a warrant, signed by all of them, for the collection of the defendant's taxes.

The plaintiff, after said warrant was so committed to him, collected taxes — assessed by the defendant's selectmen and stated in said warrant — amounting to the sum of $7300, and paid over the same to the defendant's treasurer.

There had been no vote of the defendant fixing the compensation of the plaintiff for collecting said taxes.

The plaintiff and the defendant's said selectmen made an express oral contract that the plaintiff should receive, for his services in collecting taxes under the warrant committed to him as aforesaid, one per cent of the amount of the taxes collected by him; but that, if, in addition to the taxes to which said warrant

related, the plaintiff should collect certain school district taxes, he should be paid more than one per cent of the amount of such school district taxes collected by him. The plaintiff collected such school district taxes, and was paid for his services in doing so by the selectmen. The plaintiff made no formal return upon said warrant of his proceedings under the same in collecting said sum of $7300.

The treasurer of the town for 1883 reported to the defendant that he had received of the plaintiff, on the tax bill of 1881, $1446.66, and said treasurer's report was accepted by the defendant in town meeting.

Upon these facts, the judge ruled that this action could not be maintained, and ordered judgment for the defendant. The plaintiff alleged exceptions.

*J. L. Rice*, for the plaintiff.

*M. B. Whitney & J. R. Dunbar*, for the defendant.

HOLMES, J. The statute requiring the appointment of a collector *pro tempore* to be made by a writing under the hands of the selectmen is not satisfied by a writing signed with the names of all by one selectman, in the absence of the others, and with no other authority than what is implied by their having agreed that the party should be appointed. Pub. Sts. *c.* 27, § 90. *Reynolds* v. *New Salem*, 6 Met. 340, 344. It is found as a fact, that there was no other authority in this case, and it is therefore unnecessary to consider whether a writing signed in the same way would have been valid even if the signatures had been authorized. *Reynolds* v. *New Salem, ubi supra.* It is equally unnecessary to consider whether such a writing could be ratified effectually, or whether there was evidence of ratification in this case, because, putting it at the lowest, a ratification after the oath of office was taken would come too late. The statutes clearly require that the oath shall be taken after the collector has been appointed, not while his appointment is in suspense, if it is possible that it should be in suspense. Pub. Sts. *c.* 27, §§ 87, 90.

The last consideration also prevents our regarding the warrant issued after the oath was taken as a sufficient appointment, although that was under the hands of the selectmen. There is also the further obstacle, that the warrant was issued by the

selectmen in their capacity of assessors, no assessors having been elected; Pub. Sts. *c.* 27, § 101; *c.* 12, § 1; and that the statutes of course do not contemplate the assessors issuing a warrant until after the selectmen have made their appointment. Pub. Sts. *c.* 27, §§ 90–92, 123; *c.* 11, §§ 62, 63; *c.* 12, §§ 79, 80.

It is argued that the plaintiff is entitled to recover for services actually rendered as collector *de facto.* The objections to collaterally impeaching the title of an officer *de facto* in a proceeding to which he is not a party, and when the rights of third persons are in question, (*Fowler* v. *Bebee,* 9 Mass. 231, 234, and *Bucknam* v. *Ruggles,* 15 Mass. 180, 182,) do not apply when the officer himself seeks to recover on the strength of his title. The services rendered are statutory services. The statutes require that they shall be performed by an officer appointed in a certain way, and provide for his compensation. Pub. Sts. *ubi supra,* and *c.* 12, §§ 80, 83. The plaintiff is not an officer *de jure,* as against the town, until the statutory conditions are complied with. There is nothing, therefore, to hinder the town from denying his title, if he claims compensation by virtue of his office. Or if he sets up a contract, express or implied, the answer is, that it is a contract which the statutes do not intend shall be made. The statutes exclude other and more informal methods of binding the town than the one which they point out, on grounds of public policy.

Under circumstances like the present, the current of authority elsewhere is that no action can be maintained. *Riddle* v. *Bedford,* 7 S. & R. 386. *Commonwealth* v. *Slifer,* 25 Penn. St. 23, 31. *People* v. *Hopson,* 1 Denio, 574, 579. *Dolan* v. *Mayor of New York,* 68 N. Y. 274, 279. *Matthews* v. *Supervisors,* 53 Miss. 715. *People* v. *Potter,* 63 Cal. 127. *Samis* v. *King,* 40 Conn. 298, 310. See *Burt* v. *Dimmock,* 11 Pick. 355, 357.

The more difficult questions, which have given rise to some conflict, as to the rights of an officer *de jure* against an officer *de facto* who has been paid, or against the town for the period covered by such payments, do not arise. *Glascock* v. *Lyons,* 20 Ind. 1. *Hunter* v. *Chandler,* 45 Mo. 452, 456. *McCue* v. *Wapello,* 56 Iowa, 698. *Petit* v. *Rousseau,* 15 La. An. 239. *United States* v. *Addison,* 6 Wall. 291. *Comstock* v. *Grand Rapids,* 40

Mich. 397.   Compare *Auditors of Wayne County* v. *Benoit*, 20 Mich. 176; *Stuhr* v. *Curran*, 15 Vroom, 181.   See 1 Dill. Mun. Corp. (3d ed.) § 235, *n.* 2.                    *Exceptions overruled.*