HENRY McCORMICK

*v.*

THE PEOPLE *ex rel.*

*Filed at Ottawa November 24, 1891.*

1. REPEAL OF STATUTES—*special charter of village repealed by general law—repeal by implication.* The special charter of an incorporated town provided for the annual election of five trustees, who should at their first meeting elect one of their number president. In 1887 the legislature passed a general law concerning villages and incorporated towns, which provided that in addition to the trustees and officers required by law, a president of each and every village and incorporated town should thereafter be elected annually by the voters thereof, who should hold his office for one year and until his successor should be elected and qualified, who should preside at all meetings of the board of trustees, and perform the same duties required of presidents of boards of trustees in villages, except that he should not vote except in case of a tie: *Held,* that the provisions of the general law were so far in conflict with those of the special charter as to work a repeal of the latter by implication.

2. Same—*repeal of special act by general law.* The presumption that the legislature, by a general law, does not intend to affect the provisions of a prior special act, prevails, unless that intention is manifested in express language, or there is something which shows that the attention of the legislature was turned to the special act, and that the general one was intended to embrace the special cases within it, or that there is something in the nature of the general act which makes it unlikely that an exception was intended as regards the special act.

3. The rule that a general act will not operate as a repeal of a prior inconsistent special law, is only one of interpretation, and must therefore yield when the conclusion properly arises, from the language of the general act, that it was the legislative intention to repeal or modify the provisions of the special act. There is no rule of law which prohibits the repeal of a special act by a general one.

4. President of village—*application of the law providing for his election.* A general law providing for the election of a president "of each and every village," etc., at the annual election of officers, applies as well to villages and towns incorporated under special charters as to those organized under the general law. In no other way can proper force and effect be given to the words, "each and every village," etc.

5. Constitutional limitation—*of local and special laws relating to villages.* Section 22 of article 4 of the constitution prohibits the legislature from passing only local or special laws "incorporating cities, towns or villages, or changing or amending the charter of any town, city or village," and not the passage of general laws amending or changing their charters.

Appeal from the Circuit Court of McLean county; the Hon. Thomas F. Tipton, Judge, presiding.

Mr. R. L. Fleming, for the appellant:

The general statute of 1887, providing for the election of presidents of boards of trustees, does not apply to the town of Normal, for the reason that such officer is provided for by special charter enacted in 1867.

The general statute provides that said president should only vote in case of a tie. Under the charter there are five trustees. Presuming that all are present, no tie could occur; hence the president could never have a vote. It was not the intention of the legislature to create a figure-head.

Article 9, section 1, of the constitution of 1870, provides as follows: "No corporation shall be created by special law, or its charter extended, changed or amended," etc. The general law of 1887, if applicable to the town of Normal, would change or amend the charter, and is in violation of the constitutional provision above cited, and should be held unconstitutional and void.

Mr. E. H. MINER, State's Attorney, and Mr. L. C. HAY, for the appellee:

Section 1, chapter 24, of an act concerning "Villages and Incorporated Towns," passed in 1887, in force July 1, 1887, provides: "That in addition to the trustees and officers required by law, a president of each and every village and incorporated town shall hereafter be elected annually by the voters of such village or town, at the regular election of such village or town, commencing with the election of such village or town held in the year A. D. 1888, and such president of any village or incorporated town shall hold his office one year and until his successor is elected and qualified. The president of any village or incorporated town shall be president of the board of trustees thereof, and shall preside at all meetings of said board, and shall have the same powers and perform the same duties as are or may be given by law to the president of boards of trustees in villages, but he shall not vote except in case of a tie, when he shall give the casting vote." And section 2 provides: "All acts and parts of acts in conflict with the provisions of this act are hereby repealed."

The constitution of 1870, article 11, section 1, provides as follows: "No corporation shall be created by special law, or its charter extended, changed or amended, except those for charitable, educational, penal or reformatory purposes, which are to be and remain under the patronage and control of the State, but the General Assembly shall provide, by general laws, for the organization of all corporations hereafter to be created."

This provision of the constitution does not apply to the case at bar.

The general statute cited above applies to all incorporated towns and villages, and does not conflict with the article of the constitution cited above. Said article refers to special laws and general laws governing the organization of corporations, only.

The general law of 1887 applies to the town of Normal. Said law is constitutional, and the judgment of the circuit court should be affirmed.

Mr. Justice Bailey delivered the opinion of the Court:

This was an information in the nature of a *quo warranto*, charging Henry McCormick with usurping and holding the office of president of the board of trustees of the town of Normal, without warrant of law, and praying that he be required to answer by what warrant he claimed to hold and execute said office. McCormick answered claiming title to said office through an election thereto by said board of trustees. The answer alleges, in substance, that the respondent, being one of the trustees of said town elected at the annual election in 1891, was, on the 19th of March, 1891, duly chosen by the board of trustees elected at said election the president of said board, and that he thereupon assumed said office and has continued to act as president of said board. At the trial the court found the respondent guilty of usurping said office, and rendered judgment ousting him therefrom, and from that judgment the respondent now appeals to this court.

The facts shown by the affidavit upon which the information was based, and which, by the stipulation of the parties entered into at the trial, were admitted to be true, are these: The town of Normal was duly incorporated by a special act of the General Assembly, approved and in force February 25, 1867. Section 1, article 2, of said act is as follows:

"The legislative power of the town of Normal shall be vested in a town council composed of five trustees to be elected an-

nually by the qualified voters of said town, and no person shall be a trustee of said town who has not arrived at the age of twenty-one years and who has not resided in said town one year next preceding his election and who is not a citizen of the United States; and the trustees shall, at their first meeting, proceed to elect one of their number president, and shall have power to fill all vacancies in said board which may be occasioned by death, resignation or removal, *Provided,* the vacancy shall not exceed six months."

Prior to the year 1887, five trustees were duly and regularly elected under and in pursuance of this act, and being elected, proceeded to organize in harmony with its provisions. In 1887, the General Assembly passed a general law entitled, "An act concerning villages and incorporated towns," approved June 9, 1887, and in force July 1, 1887, the provisions of which are as follows:

"Section 1. That in addition to the trustees and officers required by law, a president of each and every village and incorporated town shall hereafter be elected annually by the voters of such village or town, commencing with the election of such village or town held in the year A. D. 1888, and such president of any village or incorporated town shall hold his office for the term of one year and until his successor is elected and qualified. The president of any village or incorporated town shall be president of the board of trustees thereof, and shall preside at all meetings of said board, and shall have the same powers and perform the same duties as are or may be given by law to the president of boards of trustees in villages, but he shall not vote except in case of a tie, when he shall give the casting vote.

"Sec. 2. All acts and parts of acts in conflict with the provisions of this act are hereby repealed."

At the annual election held in said town in the year 1890, said election being held on the first Monday of March in that year, there were elected by the legal voters of said town five

trustees and a president, the president elected being George
Champion Sr., who, after said election, was duly qualified,
and performed the duties of said office until the expiration of
the year for which he was elected. On the 16th day of Febru-
ary, 1891, on petition of certain parties, said board of trustees
voted that, in giving notice of the next annual election, the
notice of the election of a president should be omitted, and
thereupon the clerk of said town drew up and posted notices
of the election of trustees, but omitted from said notices all
reference to the election of a president. At said election five
persons, of whom the respondent was one, were elected as
trustees, and the persons so elected were duly qualified and
entered upon the duties of said office.

Notwithstanding the terms of the notices, eighteen votes
were cast at said election for G. R. Woolsey for president of
said town, those being all the votes cast for said office, but
said Woolsey never attempted to qualify or assume the duties
of said office. After the election, the five persons elected as
trustees proceeded to organize said board by the election of
the respondent as president, and being so chosen, he assumed
the duties of said office, ignoring the rights of said Woolsey,
whose time for qualifying had not then expired, and also ignor-
ing the rights of said Champion, who, by the terms of said
statute, was entitled to hold said office until his successor was
duly elected and qualified.

The decision of this case must depend upon whether the act
of June 9, 1887, should be held to apply to the town of Normal
so as to constitute a repeal, either express or by implication,
of those provisions of the charter of said town which empow-
ered the board of trustees to elect one of their own number
president. If said act can be held to apply to said town,
there can be no doubt that its provisions in this respect are so
far in conflict with those of the special charter as to work a
repeal of the latter by implication. The special charter and
general law each provides for the election of a president and

presiding officer of the town board, but by different modes, and in such manner as would necessarily result in filling the office with different incumbents. By the charter he is to be elected by the board from their own number, and by the general law he is to be chosen at the annual election, and is not to be one of the town trustees. As but one presiding officer is contemplated by either act, and as in the nature of things but one is required, it is impossible to sustain both of these provisions as being concurrently in force, and it must therefore be held that the latter act repeals the former.

The question then recurs whether the general act of 1887 has any application to towns incorporated and existing under special charters. It is insisted that such application would be in contravention of the provision of section 22, article 4, of the Constitution which prohibits the passing by the General Assembly of local or special laws, "incorporating cities, towns. or villages, or changing or amending the charter of any town, city or village." It is very clear that this contention can not be sustained. The act of 1887 is neither a special nor a local law, but by its terms applies alike to each and every town and village. The Constitution does not prohibit the amendment of the charters of towns and villages by general law, but leaves the power of the General Assembly to legislate in that mode in relation to these municipal corporations wholly unrestricted.

But the more difficult question arises upon an application of the well recognized rule in the interpretation of statutes usually expressed by the maxim, *generalia specialibus non derogant.* This maxim is said to be based upon the presumption that the Legislature, in passing a general law, has only general cases in view, and not particular cases which have already been provided for by special act. Having already given its attention to the particular subject and provided for it, the Legislature is reasonably presumed not to intend to alter that special provision by a subsequent general enactment, unless that intention is manifested in express language, or

there is something which shows that the attention of the Legislature was turned to the special act, and that the general one was intended to embrace the special cases within it, or that there is something in the nature of the general act which makes it unlikely that an exception was intended as regards the special act. Endlich on the Interpretation of Statutes, sec. 223. The general maxim of interpretation of statutes here referred to has been frequently recognized and applied in this State. *Town of Ottawa* v. *County of LaSalle*, 12 Ill. 339; *Covington* v. *City of East St. Louis*, 78 id. 548; *Gunnarssohn* v. *City of Sterling*, 92 id. 569; *City of East St. Louis* v. *Maxwell*, 99 id. 439.

But the rule here referred to is only a rule of interpretation, and must therefore yield where the conclusion properly arises from the language of the general act that it was the legislative intention to repeal or modify the provisions of a special act. Thus, in *New Brunswick* v. *Williamson*, 44 N. J. Law, 165, the court after recognizing said rule, says: "But there is no rule of law which prohibits the repeal of a special act by a general one; nor is there any principle forbidding such repeal without the use of express words declarative of the legislative intent to repeal the earlier statute. The question is always one of intention, and the purpose to abrogate the particular enactment is sufficiently manifested when the provisions of both can not stand together, and it is a cardinal doctrine in the construction of statutes that, if possible, full effect shall be given to all their parts."

If the language of the general law in this case had been simply, that a president of villages and incorporated towns should be elected by the voters at the annual elections, it might perhaps have been difficult to so construe it as to make it apply to towns incorporated by special act, in which the manner of electing the president of the municipal board was provided for. But the general act goes further and provides that a president "of *each and every* village and incorporated

town" shall be elected at the annual election. The use of the words "each and every" shows that the legislative intention was both general and specific, and embraced all villages and incorporated towns, whether existing under general or special laws. In no other way can proper force be given to these words, and we are therefore disposed to hold that the maxim above mentioned does not control, but that the general law applies to all incorporated towns, including the town of Normal.

It may be further observed that, as under our present Constitution, legislation upon most subjects must be by general law, the courts should be more readily inclined to favor a construction which would apply general laws to matters covered by prior special legislation, than they would have been if the General Assembly still retained the power to enact special laws applicable to the same subjects.

It will be seen that we have not deemed it necessary to consider the effect of the repealing section of the act of 1887, since the conclusion seems to be inevitable that the provisions of the special charter of the town of Normal in relation to the election of the president of the town board were repealed by implication. Whether the repeal effected by said repealing section is any broader than that which arises from implication therefore need not be determined.

We are of the opinion that the respondent holds the office of president of the board of trustees of said town without warrant of law, and it follows that the judgment of the Circuit Court finding him guilty of usurping said office and ousting him therefrom must be affirmed.

*Judgment affirmed.*