## Charles L. Rowley v. The People of the State of Illinois on the Relation of William H. Lyman.

1. CITIES AND VILLAGES.—*Appointment of Treasurer.*—Under Sec. 188, Ch. 24, R. S., entitled "Cities, Villages and Towns," the president of the board of trustees of a village is possessed of no greater power in the appointment of a treasurer to fill a vacancy than is one of the trustees. He is a member of the board by virtue of his office, and as such, has the same voice in the appointment of a treasurer that any member elected as trustee has.

**Memorandum.**—Quo warranto proceedings. Appeal from the Circuit Court of Henry County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the December term, 1893. Reversed and remanded. Opinion filed May 22, 1894.

The opinion states the case.

C. K. LADD and DUNHAM & FOSTER, attorneys for appellant.

EMERY C. GRAVES, state's attorney, and H. BIGELOW and C. C. WILSON, attorneys for appellees.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This is an information in the nature of a quo warranto to test the right of appellant to the office of treasurer of the

village of Kewanee. The proceeding was instituted upon the relation of William H. Lyman, president of the board of trustees of the village.

The record shows that a vacancy had occurred in the office of village treasurer by resignation, and that at a special meeting of the board of trustees, held on the 19th of June, 1893, appellant was placed in nomination for the office by one of the trustees. The president ruled the nominating motion out of order. An appeal from his ruling was taken, in which he was overruled by a vote of five to two. Appellant was then elected, his bond of office executed and accepted, and he placed in possession of the books and papers belonging to the office.

It was claimed by the relator in the information that it was his right as president of the board to nominate a person for the office and present his name for confirmation; that the right to nominate did not rest with the trustees, and that appellant was, without right and authority, exercising the functions of the office.

Appellant, by his plea, set up the proceedings had by the board on the 19th of June, 1893, whereby he was nominated and elected, and his bond executed and approved, and claimed that he was the legally elected treasurer of the village. The Circuit Court sustained a demurrer to the plea. Appellant abided by his plea, and judgment of ouster was entered.

It is contended that the plea is bad because the treasurer of a village must be appointed by the president with the advice and consent of the trustees.

This contention is based upon the statute which gives the president of villages the same power as mayors of cities. The power to appoint a treasurer, however, is not among the powers of mayors of cities. It is provided by statute that the office of treasurer in cities shall be filled by election of the voters of the city. Sec. 49, Chap. 24, Hurd's edition of Revised Statutes.

Another method of filling the office in villages is provided by Sec. 188, Chap. 24, of Hurd's edition. That section pro-

vides that it shall be filled by appointment of the president and board of trustees. Under that section the president is possessed of no greater power in the appointment of a treasurer than that of a trustee. He is a member of the board by virtue of his office, and as such has the same voice in the appointment of a treasurer, that any member elected as trustee has.

The court erred in sustaining a demurrer to the plea filed. Reversed and remanded.