THE PEOPLE *ex rel.* Myron S. Kisselberg

*v.*

THE CITY OF CHICAGO *et al.*

*Opinion filed June 23, 1904.*

MANDAMUS—*what must be shown in mandamus to compel payment of salary.* *Mandamus* to compel payment of compensation or salary to the petitioner, as the holder of an alleged office, will not issue unless the petitioner shows the legal existence of the office and his clear legal right to hold the same. (*Stott* v. *City of Chicago*, 205 Ill. 281, followed.)

*People ex rel.* v. *City of Chicago*, 104 Ill. App. 250, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

On August 7, 1900, appellant filed his petition in the circuit court of Cook county for a writ of *mandamus* directed to the city of Chicago, Carter H. Harrison, as mayor thereof, Joseph Kipley, superintendent of police, and John W. Ela and others, civil service commissioners, commanding them to place the name of appellant upon the pay-roll of the department of police of said city as sergeant of police, and to command the said civil service commissioners to certify his name upon the pay-rolls for payment, and to restore him to the classified civil service as sergeant of police.

Appellant alleges that the city of Chicago is organized under the general laws as a city; that the General Assembly of 1895 passed an act entitled "An act to regulate the civil service of cities;" that said act became operative March 20, 1895; that it was adopted by said city by a vote of the people and that the mayor made proclamation thereof; that a civil service commission was appointed thereunder on July 1, 1895; that it was the duty of said civil service commission to classify all offices and places of employment in said city, and that when so

classified they constituted the civil service of said city; that in April, 1897, Joseph Kipley was by the mayor appointed chief of police and is still acting; that more than ten years prior to July 1, 1895, appellant was a citizen of Chicago over twenty-one years of age and a qualified elector of said city, and on the latter date was desk sergeant or sergeant in the police department in said city, —one of the offices and places of employment classified in the civil service by said commission,—and was holding said position at the time of the adoption of the Civil Service act by said city, and could not be removed except for cause, based upon written charges, after an opportunity to be heard; that on July 1, 1897, said Joseph Kipley did, without authority of law and without written charges, remove appellant's name from the pay-roll as a sergeant without his consent, and October 9, 1897, said Kipley, without authority of law, against the will of appellant, without cause and without opportunity to be heard, discharged and separated appellant from the police department by general order No. 32 and removed appellant's name from the pay-roll; that in March, 1897, at a promotional examination, appellant passed such examination with more than the necessary 75 per cent and became eligible to be promoted from sergeant to lieutenant, and that thereby the defendants were estopped from asserting that appellant was not a civil service employee under the classified civil service; that from the time of the appointment of said commission to the time of the removal of appellant's name from the pay-roll his name was certified on the pay-roll by said commission for payment; that the order of removal by said Kipley was without authority of law, in violation of the Civil Service act and wholly inoperative, and that appellant is still such officer and entitled to the position of sergeant, and entitled to pay at the rate of $1200 per annum from October 26, 1897; that under the act of July 1, 1897, providing for a police pension fund, and which act was in effect while

appellant was in said office, one per cent of his salary was deducted to go to said fund; that his salary has been appropriated by said city in the annual appropriation bill and that the office is still vacant and unoccupied; that he protested to said Kipley against his removal and made demand to the said civil service commission that he be restored to the pay-roll, but that his protests and demands were not heeded; that he is illegally kept out of the discharge of the duties of said office and deprived of the honor and emoluments thereof.

Appellees interposed a general demurrer to this petition, which was sustained by the circuit court. The cause was appealed to the Appellate Court and the judgment of the circuit court was affirmed, and this appeal is prosecuted.

F. S. BAIRD, for appellant.

CHARLES M. WALKER, Corporation Counsel, and COLIN FYFFE, for appellees.

Per CURIAM: This case is in all material respects like the case of *Stott* v. *City of Chicago*, 205 Ill. 281. In the case at bar, as in that case, appellant fails to show the legal creation or existence of the office he claims to hold, nor does he show that he was in any legal manner elected or appointed to said office. If such an office exists in the city of Chicago it can only be by virtue of some ordinance creating the same and providing the manner of filling the same. As no such office is created by statute and as no ordinance or other competent authority creating such an office is pleaded or set forth in the petition of appellant, by reference or otherwise, the courts of general jurisdiction of this State are unable to say such an office exists as appellant claims to hold or that he was or could be legally appointed to the same. As appellant is demanding the compensation or salary of an alleged office and as an officer, he must show not only the legal

existence of the office, but his clear legal right to hold
the same and to receive the emoluments thereof, to en-
title him to the writ prayed.    This he has failed to do,
and the demurrer to his petition was properly sustained.
The question is fully reviewed and the authorities col-
lated in the *Stott case, supra,* and we deem it unnecessary
to now consider it further.

The judgment of the Appellate Court will therefore
be affirmed.                                  *Judgment affirmed.*