The People, ex rel. George F. Clute, Appellee, v. Milan M. Hitchcock, Appellant.

Gen. No. 14,504.

1. CITIES, VILLAGES AND TOWNS—*section 20 of Township Organization Act construed.* Section 20 of chapter 139 has no application to villages.

2. CITIES, VILLAGES AND TOWNS—*section 11 of article 11 construed.* In virtue of the power conferred by section 11 of article 11, chapter 24, the president and board of trustees of a village have the sole appointing power as to a village treasurer.

*Quo warranto.* Appeal from the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed May 20, 1909.

ARTHUR R. WOLFE, for appellant.

F. M. WILLIAMS, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This proceeding is one of *quo warranto* upon in-

formation filed by leave of the Circuit Court, by the State's attorney, with the object in view of ousting appellant, Milan M. Hitchcock, from the office of treasurer of the village of Berwyn in Cook county, the functions of which he was averred to be unlawfully exercising.

The questions here involved were determined by the trial court upon the demurrer of appellant filed to the plea of respondent to the information. The demurrer was sustained and judgment of ouster entered. This appeal is prosecuted with the intention of having this court reverse that judgment. The validity of the judgment rests in the interpretation of certain statutes hereinafter referred to.

The defendant, Hitchcock, who had, as appears from his plea, served for several years as treasurer of the village of Berwyn and collector of the town of Berwyn, was, on the first Tuesday of April, 1907, again elected by a vote of the electors of the town and village of Berwyn, town collector, to serve for a term of one year. On November 21, 1902, the president and board of trustees of the village of Berwyn passed an ordinance, of which section 2 only is pertinent to our decision. It reads as follows:

"Sec. 2. That the office of Treasurer of the Village of Berwyn and Collector of the Town of Berwyn are hereby consolidated and united in and shall be held by one and the same person."

Respondent having taken the oath of office as town collector and village treasurer, in faith of the above ordinance, presented to the board of trustees of the village of Berwyn, on May 7, 1907, his bond as village treasurer in the penalty of $40,000 for its approval, whereupon the board passed the following resolution, viz:

"Resolved: That the statute vests in the president and the board the right to appoint a treasurer of the village, and until such an appointment shall have been

made and the appointment approved, the presentation of a bond is not in order; therefore, be it

Resolved: That the bond be not accepted.''

Respondent filed said bond with the village clerk, where it still remains, and proceeded to assume the office of village treasurer and to discharge its duties. According to the averments of the information, it appears that the relator, Clute, was by the president and board of trustees of the village of Berwyn, on May 21, 1907, duly appointed village treasurer, and gave bond as such, which was approved by the board of trustees of the village.

Respondent rests his contention upon the claim that the village is such village in virtue of chapter 139, R. S., title, ''Township Organization,'' and that section 20 of said Act is controlling and conclusive of his rights. In this, however, we are convinced that he is in error. Section 20 has application to cities, not villages. Therefore the ordinance consolidating the offices of collector and village treasurer was passed evidently under a misapprehension, and is therefore without force or binding effect. The language of this section is plain and wholly unambiguous. There is no place for interpretation. It means just exactly what it says and no more, and clearly has no reference whatever to villages. It is in these words: ''When in any county under township organization, there is any territory co-extensive with a city situated therein, and which is not included within any organized town, such territory shall constitute a town by the name of such city, and all the provisions of this act shall apply to the town so constituted, the same as if it had been organized in the manner provided in this act in the case of the organization of new towns.''

Another cogent reason to our minds why this Act is inapplicable to village organization, arises from the condition in which we find the statutes bearing upon this subject. Chapter 24, title, ''Cities, Villages and Towns,'' makes full, ample and distinct provis-

ions for the incorporation, control and operation of cities and villages. Article XI of chapter 24 relates to the organization of villages, and, as we gather from respondent's plea, the village of Berwyn was organized in pursuance of the provisions of such Act. By section 11 of article XI, chapter 24, it is provided that "the president and board of trustees * * * may also appoint a treasurer * * * and such other officers as may be necessary to carry into effect the powers conferred upon *villages*, to prescribe their duties and fees and require such officers to execute bonds as may be prescribed by ordinance." In virtue of the power thus conferred, the president and board of trustees of the village of Berwyn appointed relator village treasurer, and thereby conferred upon him authority to exercise the functions and perform the duties of that office.

In Rowley v. The People, 53 Ill. App. 298, it was decided that the appointment of village treasurers was vested in the president and board of trustees of the village under authority of section 11 *supra*.

As the plea of respondent states no fact entitling him to fill the office of village treasurer or exercise its functions, his so assuming to do is an intrusion into that office without warrant of law, and the Circuit Court therefore properly sustained the demurrer of relator to respondent's plea and entered judgment of ouster, and such judgment is consequently affirmed.

*Affirmed.*