## The People of the State of Illinois ex rel. J. W. McGinnis and D. E. Pate, Defendants in Error, v. E. A. Paynter, Plaintiff in Error.

1. MUNICIPAL CORPORATIONS, § 41*—*what power possessed to enact ordinances.* A village board can enact ordinances only when empowered thereto by statute.

2. MUNICIPAL CORPORATIONS, § 112*—*how village marshal must be appointed.* Under section 11 of article XI, part I, of the Cities, Villages and Towns Act (J. & A. ¶ 1528), providing for the appointment of village officers, the power to appoint a village marshal is in the president and the board of trustees, and the president acting alone has no such power.

3. MUNICIPAL CORPORATIONS, § 85*—*when ordinance giving village president power to appoint village marshal illegal.* On quo warranto to oust respondent from the office of village marshal, to which it appeared that respondent had been appointed under an ordinance providing that "the president shall annually appoint a chief of police by and with the consent of the board of trustees," an appointment of respondent as village marshal by the village president without the concurrence of the board of trustees *held* without effect, such ordinance being illegal under section 11 of article XI, part I, of the Cities, Villages and Towns Act (J. & A. ¶ 1528), in so far as such ordinance tended to give a village president, acting alone, power to make the appointment of respondent as village marshal, the statute giving such power to the president and board of trustees.

4. OFFICERS, § 23*—*when right of officer to hold over dependent upon proper appointment under statute.* The right of a village officer appointed under a village ordinance enacted under authority of section 11 of article XI, part I, of the Cities, Villages and Towns Act (J. & A. ¶ 1528), to hold over after the expiration of the term of office of such officer until the appointment and qualification of his successor, depends on the question whether the provisions of the statute were observed in making the appointment of such officer.

5. MUNICIPAL CORPORATIONS, § 120*—*when bond of village marshal does not comply with statute.* In quo warranto to oust respondent from the office of village marshal, where it appeared that the bond filed by respondent on his appointment to the office in question was payable to the People of the State of Illinois; that it bore an indorsement "approved by me this 9th day of May,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The People v. Paynter, 197 Ill. App. 78.

A. D. 1913.  H. P. Morgan, president.  T. J. Dunn, Clerk"; that the bond was never approved by the village board of trustees, nor was the amount of the bond fixed by ordinance or resolution, *held* that respondent's bond was not in compliance with section 4 of article VI, part I, of the Cities, Villages and Towns Act (J. & A. ¶ 1347), providing that such officers before entering on their duties shall "execute a bond to be approved by the  *  *  *  board of trustees, payable to the  *  *  *  village, in such penal sum as may, by resolution or ordinance, be directed."

6.  MUNICIPAL CORPORATIONS, § 120*—*how bonds of village officers must be approved to comply with statute.*  Under section 4 of article VI, part I, of the Cities, Villages and Towns Act (J. & A. ¶ 1347) providing that certain village officers shall, before entering on the duties of their offices, "execute a bond with security, to be approved by the  *  *  *  board of trustees," the approval by a majority of such board of the bond filed by such officers is necessary in order to invest such officers with title to the offices to which they are appointed, and the approval of such bonds by the village president acting alone is not a compliance with the statute.

7.  MUNICIPAL CORPORATIONS, § 114*—*when village marshal failing to furnish proper bond not invested with title de jure to office.*  A village marshal whose bond is not in compliance with section 4 of article VI, part I, of the Cities, Villages and Towns Act (J. & A. ¶ 1347), is never invested with his office *de jure*, although during the term for which he was appointed such officer holds the office and exercises its functions *de facto*.

8.  QUO WARRANTO, § 53*—*what evidence necessary to sustain plea of justification.*  On quo warranto to oust a person holding an office, a plea of justification can only be sustained by proof of respondent to hold the office in question *de jure*, and it is not enough to show that respondent held the office and exercised its functions *de facto*.

9.  QUO WARRANTO, § 56*—*when judgment of ouster proper.*  On quo warranto to oust a person holding an office, a judgment of ouster is proper where respondent fails to sustain his plea of justification with proof that he holds the office *de jure*.

Error to the Circuit Court of Franklin county; the Hon. E. E. NEWLIN, Judge, presiding.  Heard in this court at the March term, 1915.  Affirmed.  Opinion filed December 1, 1915.

W. G. MURPHEY and W. P. SEEBER, for plaintiff in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

W. F. SPILLER, for defendants in error; W. H. HART, of counsel.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was a quo warranto proceeding brought by the State's Attorney of Franklin county on the relation of J. W. McGinnis and D. E. Pate against E. A. Paynter, plaintiff in error, to oust him from the position of chief of police or marshal of the village of Sesser in said county. A jury was waived and the court found the issues for the relator, and entered judgment against Paynter, ousting him from said office. Plaintiff in error filed a plea of justification to the information, alleging that prior to the filing of the information he was duly appointed, confirmed and selected by the president of the board of trustees and the village trustees of the village of Sesser, as chief of police or village marshal, according to law; that he accepted the assignment, qualified for the same, took oath and gave bond therefor and was duly commissioned; that he entered upon the duties of his office and served in that capacity and still continues to hold said office by virtue of said appointment; that he has never resigned from said office, has never been removed therefrom according to law, that no successor has been duly appointed, confirmed, qualified and commissioned as required by law; that by this warrant he has held and executed, during the time mentioned in the information, and still holds and executes said office as he well might.

Plaintiff in error was appointed chief of police or village marshal for said village by the president and was confirmed by a majority of the village board at the first meeting thereof in the municipal year in May, 1913. He claims that he gave bond, took the oath of office and was duly commissioned as such officer. At a regular meeting of the board in May, 1914, the presi-

dent of the board of trustees again assumed to appoint
Paynter as chief of police or village marshal, but a
majority of the board of trustees refused to confirm or
approve the appointment. The petition for leave to
file an information in the nature of a quo warranto was
filed June 6, 1914, and the trial was had on the 17th
day of the following September. At the times cover-
ing the appointments of Paynter, as aforesaid, the vil-
lage of Sesser had the following ordinance: "Section
54. The president shall annually appoint a chief of
police or village marshal, by and with the advice and
consent of the board of trustees. Said chief of police
or village marshal shall hold his office for the term of
one year unless discharged for cause, and until his
successor is duly appointed, confirmed and qualified."
It was under this ordinance that the president of the
board claimed the right to make the appointment. The
village board could pass only such ordinances as they
were given power to enact by statute. Section 11 of
article XI of the statute in relation to Cities, Villages
and Towns (J. & A. ¶ 1528). provides: "The presi-
dent and board of trustes may appoint a clerk pro tem-
pore, and whenever necessary to fill vacancies; and
may also appoint * * * a village marshal, and such
other officers as may be necessary to carry into effect
the powers conferred upon villages, to prescribe their
duties and fees, and require such officers to execute
bonds as may be prescribed by ordinance." Under
this statute the power to appoint the village marshal
was in the president and board of trustees jointly, and
the president alone had no power to make such appoint-
ment. *Rowley v. People,* 53 Ill. App. 298; *McKean v.
Gauthier,* 132 Ill. App. 376; *People v. Hitchcock,* 148 Ill.
App. 456. Therefore the attempted appointment of
Paynter as marshal, made by the president of the
board in 1914 and not concurred in by the board, was
without force and effect and the ordinance, so far as
it may tend to give the president alone power to make

the appointment, was illegal. It is claimed however, by counsel for plaintiff in error, that even if this were so, yet that Paynter was legally appointed chief of police or marshal in May, 1913, and that he qualified and was commissioned according to law, that therefore he was entitled to hold his office until his successor was duly appointed, confirmed, qualified and commissioned, and that no successor having been so appointed and qualified, he is still entitled to hold the office. The right of Paynter to hold over under the appointment made in 1913 depended upon whether the provisions of the statute were fully complied with on that occasion.

Section 4 of article VI of the statute in relation to Cities, Villages and Towns (J. & A. ¶ 1347) provided, among other things, that all city or village officers, except aldermen and trustees, should "before entering upon the duties of their respective offices, execute a bond with security, to be approved by the city council or board of trustees, payable to the city or village, in such penal sum as may, by resolution or ordinance, be directed, conditioned for the faithful performance of the duties of the office and the payment of all moneys received by such officer, according to law and the ordinances of said city or village, * * * which bond shall be filed with the clerk." It appears that Paynter's commission was issued two days before he took the oath of office and executed the bond, but a more serious matter is that the bond executed by him did not comply with the provisions of the statute. Instead of being made payable to the city or village as provided by law, it was made payable to the People of the State of Illinois. It also appears that there was no resolution or ordinance fixing the amount of the bond to be given by the marshal, and Paynter's bond does not appear to have been approved by the board of trustees as required by law. The indorsement upon it in this regard is, "Approved by me this 9th day of May, A. D. 1913. H. P. Morgan, President. T. J. Dunn, Clerk."

The appointment of Paynter and the proper approval of his bond were both necessary to invest him with the office of chief of police or marshal, and his bond could not be approved except by a majority of the board of trustees. *Launtz v. People,* 113 Ill. 137. As Paynter failed to file the bond required of him by statute, before he could enter upon the duties of his office, and the same was not approved as required by law, he was as a matter of fact never properly invested with his office. While he was no doubt during the term he served a *de facto* officer, yet this suit is one brought to directly attack his right to the office, and before he can sustain his plea of justification and right to the office he must show that he was a *de jure* officer. *Crook v. People,* 106 Ill. 237; *People v. Karr,* 244 Ill. 374. He failed to do this and the court below properly gave judgment of ouster against him.

*Judgment affirmed.*