## Tilford Beams, Appellant, v. City of West Frankfort, Appellee.

1. OFFICERS—*de jure right necessary to recover compensation.* An officer seeking to compel payment of compensation must show that he is an officer *de jure* and not merely an officer *de facto*.

2. OFFICERS—*de facto not entitled to compensation.* The fact that there was no *de jure* officer does not entitle a *de facto* officer to recover for his services.

3. OFFICERS—*no right to salary where ousted before confirmation.* Where the mayor appointed appellant as chief of police on June 5, but the council refused to confirm his appointment and no other person was appointed and quo warranto proceedings were filed against him on July 31 and judgment of ouster entered December 30, but he performed the duties of the office until some time after the judgment, he was not entitled to recover for his services.

Appeal by plaintiff from the Circuit Court of Franklin county; the Hon. JULIUS C. KERN, Judge, presiding. Heard in this court at the March term, 1924. Affirmed. Opinion filed April 11, 1924.

R. E. SMITH, for appellant.

FRANK E. TROBAUGH, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellant was appointed chief of police and confirmed by the city council on May 2, 1921. He performed the duties of the office and was paid therefor until June, 1922. On June 5th of that year the mayor reappointed him for one month, but the city council refused to confirm his appointment and no other person was appointed. A quo warranto proceeding was filed against him on July 31, 1922, and on December 30th of that year he was ousted by an order of the circuit court. He performed the duties of the office from June 1, 1922, until some time after the judgment of the court was entered and has never been paid for such services. He brought this suit to recover therefor and a jury being waived the court found the issues in favor of the appellee and rendered a judgment against appellant for costs.

Appellant contends that even though his appointment was not confirmed he performed the duties of the office and being an officer *de facto* is entitled to recover. We cannot agree with that contention. An officer seeking to compel the payment of compensation must show that he is an officer *de jure* and not merely an officer *de facto*. *Stott v. City of Chicago*, 205 Ill. 281; *People v. City of Chicago*, 210 Ill. 479; *McNeill v. City of Chicago*, 212 Ill. 481. The same rule prevails in other jurisdictions. 22 R. C. L. 599, 7 A. L. R. 1678, L. R. A. 1918F 587; *Vicksburg v. Groome* (Miss.), 24 So. 306; *Phelon v. Granville*, 140 Mass. 386, 5 N. E. 269.

It is contended that the rule aforesaid does not apply when there is no *de jure* officer who can claim the compensation of the office. Some of the cases relied upon by appellant in support of this contention were urged upon the attention of the court in *Eubank v. Montgomery County*, 127 Ky. 261, 105 S. W. 418, but the court held that the weight of authority was the other way. The fact that there was no *de jure* officer does not entitle a *de facto* officer to recover for his services. *Garfield Tp. v. Crocker*, 63 Kan. 272, 65

Pac. 273; *Dolliver v. Parks*, 136 Mass. 499; *Meagher v. Storey County*, 5 Nev. 244-251; *Darby v. City of Wilmington*, 76 N. C. 133.

Appellant knew that his appointment was not confirmed and a suit was soon instituted to oust him from the office. He went ahead and performed the duties of the office knowing that he was not legally appointed and that his right to the office was being contested. If he is entitled to compensation for services rendered before the judgment of ouster simply because there was no *de jure* officer, he would also be entitled to recover for services rendered after that judgment was entered providing no officer was legally appointed. We cannot approve such a doctrine. A *de facto* officer who knows that his right to the office is disputed is not entitled to compensation even though there is no officer *de jure* who may claim the same. *Eubank v. Montgomery County, supra.* The judgment is affirmed.

*Affirmed.*