## W. Z. Trout, Appellee, v. City of Herrin, Appellant. Thomas Kilpatrick, Appellee, v. City of Herrin, Appellant.
## E. C. Frick, Appellee, v. City of Herrin, Appellant. John Stallions, Appellee, v. City of Herrin, Appellant. Monroe Smith, Appellee, v. City of Herrin, Appellant. A. F. Richerson, Appellee, v. City of Herrin, Appellant. Jacob Jones, Appellee, v. City of Herrin, Appellant.*

1. MUNICIPAL CORPORATIONS—*salary rights of officers not de jure.* In order to recover the salary of an office to be paid out of the public funds, a plaintiff must show he is a *de jure* officer of the corporation.

2. MUNICIPAL CORPORATIONS—*bond as prerequisite to officer's appointment.* In order to recover salary as policeman in suit against a city, plaintiff must show he qualified for the office of policeman by having bonds executed to the city as required by statute and that the bonds were approved by the city council.

3. MUNICIPAL CORPORATIONS—*what not a holding over under former appointment.* One who has never qualified as policeman of a city by having his bond approved by the city council cannot claim that service never authorized by the council was a holding over from an appointment which had been confirmed by the council.

4. MUNICIPAL CORPORATIONS—*requisite showing to recover officer's salary.* One seeking to recover salary for acting as policeman must show the legal existence of his office and his legal right to hold it.

5. MUNICIPAL CORPORATIONS—*how office of policeman created.* The office of policeman can only be created by ordinance, fixing the terms of office, prescribing the duties and defining the powers of the officer.

6. SAVING QUESTIONS FOR REVIEW—*when motion for new trial not required.* In cases tried by a court without a jury, a motion for new trial is neither required nor authorized by law or rules of practice and serves no purpose in saving questions for review by the Appellate Court.

7. SAVING QUESTIONS FOR REVIEW—*unnecessary to except to judgment entry.* It is not necessary to except to the entry of a judgment by the court in order to assign error thereon.

Appeal by defendant from the City Court of Herrin; the Hon. E. N. BOWEN, Judge, presiding. Heard in this court at the October term, 1924. Reversed. Opinion filed March 31, 1925.

* Received from clerk of Appellate Court, August 8, 1927.

F. E. Trobaugh, for appellant.

R. T. Cook, for appellees.

Mr. Justice Boggs delivered the opinion of the court.

Separate suits were instituted by appellees, W. Z. Trout, Thomas Kilpatrick, E. C. Frick, John Stallions, Monroe Smith, A. F. Richerson and Jacob Jones, against appellant in the city court of Herrin, to recover for salaries alleged to be due them, respectively, for services rendered said city as policemen. By agreement of parties, a jury was waived and said causes were consolidated and tried together. The court found the issues for appellees, respectively, and rendered judgments thereon against the city. To reverse said judgments, this appeal is prosecuted.

The record discloses that the mayor of said city nominated appellees as policemen for said city, but the city council refused to confirm said appointments. Thereupon said mayor from time to time appointed appellees, respectively, to serve for terms of 30 days as such policemen. On two or three occasions the city council, as to certain of appellees, voted to confirm their respective appointments. Thereafter, when such appointments were made, they refused to confirm the same for any term whatever. The record further discloses that the bonds executed by appellees, respectively, as such policemen ran to the mayor, instead of to said city, and were never approved by the city council. The periods for which appellees sue ran from two to two and one-half months, at salaries varying from $150 to $165 per month.

The declaration in each case consisted of the common counts, to which was filed a plea of the general issue and a special plea, setting forth that appellees, respectively, had never been duly appointed and qualified as policemen for said city.

The principal contention on the part of appellant for a reversal of said judgment is that the record fails to show appellees to have been officers *de jure,* and that such fact must be established before there can be a right of recovery. In other words, appellant contends that where a person seeks to recover the salary of an office, to be paid out of public funds, such officer must show that he is a *de jure* officer.

This contention, we think, is abundantly supported by the authorities: *Stott v. City of Chicago,* 205 Ill. 281; *People v. City of Chicago,* 210 Ill. 479; *Kenneally v. City of Chicago,* 220 Ill. 485; *McNeill v. City of Chicago,* 212 Ill. 481; *Moon v. Mayor,* 214 Ill. 40; *Beams v. City of West Frankfort,* 233 Ill. App. 479; *People v. Paynter,* 197 Ill. App. 78. In the latter case the court at page 81 says:

"Under this statute (sec. 11, art. XI, Cities and Villages Act, Cahill's St. ch. 24, ¶ 266) the power to appoint the village marshal was in the president and board of trustees jointly, and the president alone had no power to make such appointment. *Rowley v. People,* 53 Ill. App. 298; *McKean v. Gauthier,* 132 Ill. App. 376; *People v. Hitchcock,* 148 Ill. App. 456. Therefore, the attempted appointment of Paynter as marshal, made by the president of the board in 1914 and not concurred in by the board, was without force and effect and the ordinance, so far as it may tend to give the president alone power to make the appointment, was illegal."

Counsel for appellees undertakes to avoid the effect of the foregoing principle by calling attention to the fact that certain of appellees' 30-day appointments were confirmed by said city council, and that therefore, having been so appointed and confirmed, they should hold over until their successors should be duly appointed and qualified.

There is no ordinance shown of record, giving to the mayor the power to make appointments for 30 days.

Even if there were, and if such appointments had been confirmed by the city council, still, in order to qualify such policemen, it was necessary that bonds to the city be executed as provided by statute, and that such bonds be duly approved by said city council. As before stated, such bonds as were taken ran to the mayor instead of to said city. It therefore follows that appellees cannot maintain their actions on the ground that they were holding over under a former appointment. Where a party seeks to recover the salary of an office, he must show the legal existence of the office and his legal right to hold it. *Bullis v. City of Chicago,* 235 Ill. 472; *Harnett v. City of Chicago,* 204 Ill. App. 253. The office of policeman can only be created by ordinance. Cahill's St. ch. 24, ¶ 76; *Stott v. City of Chicago, supra; Moon v. Mayor, supra.* The ordinance must fix the terms of office, prescribe the duties and define the powers of the officer. Cahill's St. ch. 24, ¶ 77; *Beams v. City of West Frankfort, supra.* We therefore hold that inasmuch as the record fails to show that appellees were *de jure* officers, they were therefore not entitled to recover against said city.

It is contended by counsel for appellees that appellant is not in a position to question the judgments in this case, for the reason that there was "no motion for a new trial; no exceptions to the rendition of the judgment below; no motion in arrest of the judgment, and no exception taken to the judgment."

A motion for a new trial in cases tried by a court without a jury is neither required nor authorized by law or rules of practice, and can serve no purpose whatever in preserving questions for review in this court. *Climax Tag Co. v. American Tag Co.,* 234 Ill. 179, and cases there cited. The law further is that it is not now necessary to except to the entry of a judgment by the court, in order to assign error thereon. In *City of Lewistown v. Harrison,* 282 Ill. 461, the court at page 466 says:

"This court has held, in construing section 81 of the Practice Act as amended in 1911, that the incorporating of formal exceptions into the record in order to preserve the ruling of the trial court for review is unnecessary, and that this applies to the requirements for an exception as to the entry of the judgment." Citing *Miller v. Anderson,* 269 Ill. 608.

We therefore hold that appellees' contention is not well taken.

Counsel for appellees also insists that said city, through its officers, accepted the services of appellees as such policemen, and it is therefore liable to said appellees, respectively, therefor. What we have already said in connection with the right of appellees to recover, sufficiently disposes of this contention.

Other errors were assigned on the record, but in view of what we have already said, it will not be necessary to discuss the same. For the reasons above set forth, the several judgments will be reversed.

*Reversed.*