**The People of the State of Illinois ex rel. Harry Janosky, Appellee, v. Charles Novotny et al., Appellants.**

**Gen. No. 37,032.**

Opinion filed January 15, 1934.

MARKHAM, DONOVAN & SULLIVAN and LEO KLEIN, for appellants; CHARLES E. LOY, of counsel.

THOMAS J. COURTNEY, State's Attorney, and WILLIS MELVILLE, for appellee; PAUL W. PRETZEL, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

A judgment of ouster was entered against the defendants in a quo warranto proceeding ousting them

from certain positions they had been holding in the Village of Stickney under a claimed appointment by the village president, and they appeal.

It is conceded that there is but one question for decision, which is whether the positions involved should be filled by appointment by the president of the village board and approved by the trustees, or whether the appointments should be made by the board of trustees. It is also conceded that there are a number of Appellate Court decisions, all of which in principle hold that appointments, such as those involved, are legally made by the board of trustees and not by the village president. These cases are: *Rowley v. People,* 53 Ill. App. 298 (2nd District); *McKean v. Gauthier,* 132 Ill. App. 376 (2nd District); *People v. Hitchcock,* 148 Ill. App. 456 (1st District); *People v. Paynter,* 197 Ill. App. 78 (4th District); *Lightfoot v. Village of Evergreen Park,* 207 Ill. App. 411 (1st District); and *Trout v. City of Herrin,* 245 Ill. App. 346 (4th District).

But the defendants contend that these decisions are wrong and say that by a proper construction of the statute involved the power of appointment is in the president of the village and not in the board of trustees; and in support of this cite the case of *McCormick v. People,* 139 Ill. 499.

In 1872 the legislature passed the Cities and Villages Act, which provides for the incorporation of cities and villages; a detailed method is specified for the election and qualification of officers, defining the powers and duties of such officers, etc. The act consists of a number of articles. Article 11 pertains to the organization of villages, and in section 8 it is provided that "In each village organized under this act there shall be elected by the qualified electors therein six trustees, who shall hold their office until their successors are elected and qualified. . . . The trustees

shall choose one of their own number president," and that such village shall "possess all other powers as a corporation in this Act conferred upon cities not exceeding five thousand inhabitants, except as herein otherwise expressly provided. And wherever the words 'city council' or 'mayor' occur in this Act, the same shall be held to apply to the trustees and president of such village, so far as the same may be applicable."

Section 9 provides: "The president of the board of trustees shall perform the duties and exercise the powers conferred upon the mayor of a city and shall receive as compensation therefor a salary to be fixed by the board of trustees. . . . And the trustees shall perform the duties and exercise all the powers conferred upon aldermen in cities; and the president and board of trustees may exercise the same powers conferred upon the mayor and city council of cities, and pass ordinances in like manner. The president of the board of trustees may exercise the same veto powers, and with like effect, as the mayor of a city; and the board of trustees may pass ordinances over such veto in like manner as a city council."

By section 11 it is provided: "The president and board of trustees may appoint a clerk *pro tempore,* and whenever necessary to fill vacancies; and may also appoint a treasurer, one or more street commissioners, a village marshal, and such other officers as may be necessary to carry into effect the powers conferred upon villages, to prescribe their duties and fees, and require such officers to execute bonds as may be prescribed by ordinance." This section was amended in 1905 by adding a provision that in villages of more than 35,000 population the president and board of trustees should have no power to appoint a treasurer of the village.

If the foregoing provisions of article 11 of the act were the only provisions, it is obvious that the power

of appointment to offices in a village is clearly vested in the president and board of trustees and not in the president alone; and this seems to be conceded by counsel for defendants; but they say that this was changed by the legislature in 1887 and the power of appointment to offices in villages was given to the president of the village; that in that year the legislature passed an act in two sections which provides, sec. 1: "That in addition to the trustees and officers required by law, a president of each and every village and incorporated town shall hereafter be elected one every two years by the voters of such village or town . . . and said president of any village or incorporated town shall hold his office for the term of two years and until his successor is elected and qualified."

"The president of any village or incorporated town shall be president of the board of trustees thereof and shall preside at all meetings of said board, and shall have the same power and perform the same duties as are or may be given by law to the mayor in cities or that have heretofore been given to the president of the board of trustees in villages, but he shall not vote, except in case of a tie, when he shall give the casting vote." (Cahill's St. ch. 24, ¶ 1196, p. 649, 1933.)

Section 2: "All Acts and parts of Acts in conflict with the provisions of this Act are hereby repealed." And it is argued as we understand it, that by the act of 1887 the powers and duties of the president of a village board are the same as those of the mayor of a city; that the mayor of a city fills by appointment the offices in the city subject to the approval of the city council.

We think this contention cannot be sustained. We think it cannot be said that the legislature, by the Act of 1887, intended to change the functions of the president of a village from those theretofore exercised by him and the board of trustees, to give to him alone the power of appointment and in reality to make him the

mayor of the village in fact, if not in name. The Act of 1887 provides for the election of a president of the village board. Theretofore he was elected as a trustee of the village and selected as its president by the trustees elected. Section 8, article 11, of the Act of 1872, from which we have above quoted, provided *inter alia,* that when the words "city council" or "mayor" occurred in the Cities and Villages Act of 1872, such terms should be held to apply to the trustees and president of a village so far as they might be applicable. And section 9 of the same article, from which we have also quoted, provides that the president shall perform the duties and exercise the powers conferred upon the mayor of a city, and that the trustees shall perform the duties and exercise the powers conferred upon aldermen in cities. By section 11 of the same act, the president and board of trustees are given the power to fill vacancies and to appoint such officers as may be necessary to carry into effect the powers conferred upon villages. It must be kept in mind that article 11 is part of an act which consists of a number of articles, some of which relate to cities and to the powers of the mayor and city council; and when the legislature came to the question of villages in article 11, it did not go into every detail of the powers conferred upon the president and board of trustees, but referred to prior articles concerning the mayors of cities and city councils. And it is clear that the legislature did not intend to give the same powers and duties to the president of a village as those they gave by the same act to mayors and city councils.

The only specific power of appointment to office in a village is in section 11. The Act of 1887 does not refer to the power to fill offices at all, and we think it clear that if the legislature in 1887 intended to give such power to the president of a village it would have said so. By that act the legislature provided for the elec-

tion of a president of the village and that he be given the powers and duties of a mayor of a city, "or that have heretofore been given to the president of the board of trustees in villages." But we think it was not the intention of the legislature to wipe out section 11 of the Act of 1872. This is the holding of all the cases decided by the Appellate Courts which we have above cited.

*McCormick v. People,* 139 Ill. 499, relied upon by defendants, was a proceeding in the nature of quo warranto charging McCormick with usurping the office of president of the board of trustees of the town of Normal, without warrant of law. McCormick claimed title through an election by the board of trustees. The court found that McCormick was usurping the office and entered judgment ousting him, and on appeal the judgment was affirmed. The town of Normal was incorporated by special act of legislature which provided that the legislative power of the town should be vested in a town council composed of five trustees to be elected annually, and that the trustees at their first meeting should elect one of their number president. The court then pointed out that prior to 1887 five trustees were elected and proceeded to organize; that in 1887 the general assembly passed the act from which we have above quoted, which provided that in addition to the five trustees the president of each village should be elected; that in 1890 there were regularly elected in the town five trustees and a president who duly qualified and performed the duties of his office during the period for which he was elected; that afterward the board of trustees voted that in giving notice of the next annual election, the notice of the election of a president should be omitted; that the election was held pursuant to notice and five trustees elected, but no president. Thereafter the board proceeded to organize and elected a president from one

of its members. It was held that by the Act of 1887 the president of the village must be elected; that that act was in conflict with section 8 of the Act of 1872 which provided for the election as president by the five trustees one of their number, and repealed that section by implication. We think there is nothing in the rule of construction there laid down by the Supreme Court that would warrant the holding that after 1887 the president of a village elected by the people of the village should thereafter become in reality a mayor of the village, except in name.

For the reasons stated in the several opinions of the Appellate Courts above cited, we think the judgment in the instant case is right, and it is affirmed.

*Affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.