SAMUEL T. BRUSH

*v.*

WILLIAM A. LEMMA.

1. JURISDICTION—*county court—contested election of mayor.* The county court has no jurisdiction of a proceeding to contest the election of one as mayor of a city incorporated under a special charter.

2. STATUTE—*construction.* Where a statute names several officers, and declares the same applicable to "all other officers," the latter expression must, by a well known canon of construction, be referred to officers of the same class or grade as those previously named.

3. Thus, where a statute provided that county courts should have jurisdiction to hear and determine contests of election of all other county, township and precinct officers, "and all other officers for the contesting of whose election no provision is made," it was *held,* that it did not refer to the mayor of an incorporated city, as that is an officer not of the same class.

4. CONTESTED ELECTION—*act in respect to cities and villages construed.* Section 10 of the act providing for the incorporation of cities and villages,

approved April 10, 1872, which requires that elections thereunder shall
be conducted and contested, as nearly as may be, as in the case of county
officers, has application only to such cities and villages as have adopted
this law, and organized under it.

5. JUDICIAL NOTICE—*of incorporation of city under act of* 1872. Before
this court can take judicial notice of a change in the organization of a
city, or of an original organization under the act of 1872, it must some
where and in some way appear in the record that the city or its authori-
ties are acting under such law.

6. SAME—*of the fact of one being an officer.* This court can not judi-
cially know that a person is a sheriff or a justice of the peace, unless he
assumes to act as such, when the presumption arises that he is the officer
he pretends to be.

APPEAL from the County Court of Jackson county; the
Hon. CHARLES H. LAYMAN, Judge, presiding.

Mr. D. H. BRUSH, for the appellant.

Mr. ANDREW D. DUFF, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a proceeding, instituted in the county court of
Jackson county, at the January term, 1874, by Samuel T.
Brush, for the purpose of contesting the election of William
A. Lemma to the office of mayor of the city of Carbondale,
he having been declared, by the city council of that city, duly
elected to that office.

The notice sets forth that Brush was an elector of the city,
and had filed with the clerk of the county court a statement,
in writing, specifying the points on which he would contest
the election, which statement was verified by affidavit.

On filing this statement, a summons was issued against
Lemma, returnable to the February term then next ensuing,
which was duly served.                          •

At that term, Lemma appeared and submitted a motion, in
writing, to dismiss the proceedings, on the grounds, *first,* that
the county court had no jurisdiction of the subject matter;

and *second*, that Brush, as a voter, had no right, by law, to contest the election of mayor.

The court sustained the motion, and dismissed the proceedings, to which exceptions were taken, and an appeal prayed to this court.

We are referred, by appellant, in support of the proceeding, to the act in force July 1, 1872, entitled "An act in regard to elections, and to provide for filling vacancies in elective offices."

By section 98 of that act, under the head, "Contesting Elections." it is provided, that the county court shall hear and determine contests of election of all other county, township and precinct officers, and all other officers for the contesting of whose election no provision is made. R. S. 1874. p. 464.

The preceding sections, 94 to 97 inclusive, provide for contesting the election of Governor, and other State and county officers.

Section 112 provides, that the election of any person declared elected to any office other than Governor, Lieutenant-Governor, Secretary of State, Auditor of Public Accounts, Treasurer, Superintendent of Public Instruction, Attorney General, Senator or Representative, may be contested by any elector of the State, judicial division, district, county, town or precinct, in and for which the person is declared elected. Page 465.

These provisions, appellant contends, settle the question of jurisdiction, section 98 especially.

That section treats of county, township and precinct officers, and all other officers for the contesting of whose election no provision is made. The expression, "all other officers," must, by a well known canon of construction, refer to officers of the same class or grade. That the office of mayor of an incorporated city is not of the same class or grade as those enumerated in the first branch of the section, needs no argument to demonstrate.

It is also urged that section 10 of the act providing for the incorporation of cities and villages, approved April 10, 1872, confers upon the county court jurisdiction in the case. That section is as follows: The manner of conducting and voting at elections to be held under this act. and contesting the same, the keeping of poll-lists and canvassing the votes, shall be the same, as nearly as may be, as in the case of the election of county officers under the general law of this State. R. S. 1874, p. 217.

It is quite evident this has application only to such cities and villages as have adopted this law and organized under it. It nowhere appears in this record that the city of Carbondale has adopted this law, though it is stated in appellant's brief that it has, but the fact is not averred, and we can not judicially know the fact.

It is true, the act to provide for the incorporation of cities and villages (Chap. 24, R. S. 1874), by the sixth section, provides. that "all courts in this State shall take judicial notice of the existence of all villages and cities organized under this act, and of the change of the organization of any town or city from its original organization to its organization under this act." Page 212.

We are of opinion, after due reflection and consideration, before this court can take judicial notice of a change in the organization of a city, or of an original organization under this law, it must somewhere and in some way appear in the record that the city or its authorities are acting under this law; and when that appears, the court, without requiring proof there was an election held for chief magistrate, and that all the requirements of the statute were complied with, will take judicial notice of the organization under this statute. We can not, as a court, judicially know that a person is sheriff or a justice of the peace unless he assumes to act as such, when the presumption arises he is the officer he pretends to be; but we can not judicially know, merely from the fact that a mayor is elected, that he was elected under

this particular law, when the statute book reveals to us a special law under and by which Carbondale was incorporated a city. The isolated fact that an election has been held, and two persons are contesting the right to the office, can not be regarded as such action under this law as to require us to know judicially that the inhabitants of the city have adopted the law. If the case was, that the person claiming to be the mayor was acting as such and exercising powers conferred by this law, when such action was shown, then would we judicially know it had been adopted, and so of the common council, or of any of the city officers, whose election or appointment is provided for by that law.

Upon the whole, we think the record must show, by averment or otherwise, this act has been adopted, and this election of mayor was held under it. The court would then take judicial notice of the act and of all its requirements.

There being nothing in this record to excite inquiry or arouse judicial notice, we are of opinion the county court had no jurisdiction, and the proceedings, for the reasons given, were properly dismissed, and the judgment of that court must be affirmed.

*Judgment affirmed.*