# CITY OF ROCK ISLAND
## v.
## BRIDGET CUINELY.

*Municipal Corporations—Judicial Notice—Defective Sidewalk—Personal Injury—Constructive Notice—Variance—Damages—Whether Excessive.*

1. The courts of this State take judicial notice of the existence of all villages and cities organized under the general incorporation act.

2. In an action of tort the plaintiff is only required to prove sufficient of the allegations contained in the declaration to show a cause of action.

3. In an action against a municipal corporation to recover damages for

a personal injury caused by a defective sidewalk, it is *held:* That there is no variance between the declaration and the proofs; that the defendant was chargeable with constructive notice of defects in the sidewalk in question; that there was no substantial error in the instructions; and that the damages were not so excessive as to require a reversal.

[Opinion filed March 20, 1888.]

APPEAL from the Circuit Court of Rock Island County; The Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. J. T. KENWORTHY, for appellant.

Messrs. WILLIAM McENIRY and WILLIAM JACKSON, for appellee.

BAKER, J.   Bridget Cuinely obtained a verdict against the City of Rock Island for $1,500, for injuries occasioned by a defective sidewalk on Seventh Street in said city; she remitted $400 of the damages, and judgment was rendered in her favor for $1,100 and costs.

It is objected that there is no evidence that the defendant is a municipal corporation of this State or that it had any control of the street in question, or that it was, or is, under any legal obligation to keep and maintain it in safe repair.   In that connection the attention of the court is called to the opinion of the Supreme Court in Brush v. Lemma, 77 Ill. 496.   Sec. 6 of Art. 1 of the General Incorporation Act in force July 1, 1872, provides in express terms that " all courts in this State shall take judicial notice of the existence of all villages and cities organized under this act, and of the change of the organization of a town or city from its original organization, to its organization under this act; and from the time of such organization, or change of organization, the provisions of this act shall be applicable to such cities and villages."   The cases of Potwin v. Johnson, 108 Ill. 70, and Harmon v. City of Chicago, 110 Ill. 400, hold the law to be that courts must take judicial notice of the fact a city is incorporated under the act in question.   Brush v. Lemma, so far as it is in conflict with

the plain requirements of the statute and these latter decisions of the Supreme Court, is not to be followed, and must be regarded as overruled.

In respect to two matters it is claimed there is a variance between the declaration and the proofs. The declaration charges the planks of the sidewalk were "broken, loose and unfastened to the stringers;" and the evidence shows the planks were loose and not fastened to the stringers, but does not show any of them were broken. This is no variance; in tort it is only required of a plaintiff to prove so much of that which is alleged in the declaration as is necessary to show a cause of action. There is no substantial variance in regard to the character of the injury received. The allegation is that the right wrist was dislocated and broken. The proof is that the large bone of the fore-arm or radius was fractured within half an inch of the lower end of the bone. The lower end of the radius enters into the formation of the wrist joint and is an essential part of the wrist.

There was ample testimony before the jury from which they could properly find that for weeks and months prior to the accident, and probably very much longer, the stringers of the sidewalk at the place in question had been rotten, and the planks loose and unfastened. This being so, the city was chargeable with constructive notice of such defects, and was bound to know the sidewalk was dangerous, and should have repaired it.

The jury were fully and fairly instructed by the court with reference to the law of the case. The instructions given for appellee were substantially correct; and the slight inaccuracies found in a few of them were cured in other instructions given by the court. We see nothing in any of them that, under the evidence, could have been determined to the rights of appellant. The 10th and 11th refused instructions, asked by appellant, were mere repetitions of the matters and legal principles which were fully stated in 3d, 1st and 5th given instructions. There was no evidence before the jury tending to prove that appellee was guilty of negligence in not taking proper care of herself after receiving her injuries, or that she disregarded or

refused to follow any of the directions or instructions given her by the surgeon or physician; and we therefore think there was no error in refusing the 9th instruction submitted by appellant.

There is no sufficient ground for holding that the damages are so excessive that they demand a reversal of the judgment. We find no manifest error in the record, and the judgment is affirmed.

*Judgment affirmed.*