JOHN KING

v.

THOMAS JORDAN.

|198   457|
|e208  182|

*Opinion filed October 25, 1902.*

COURTS—*county court cannot hear contest for office of president of village.* Under section 97 of the Election law, as amended in 1895, the circuit court, and not the county court, has jurisdiction to determine a contest of the election of president of a village or town.

APPEAL from the County Court of DeKalb county; the Hon. R. S. FARRAND, Judge, presiding.

W. M. McEWEN, and JULIUS MATTESON, (JOHN P. WILSON, of counsel,) for appellant.

HARVEY A. JONES, EDWARD M. BURST, and J. B. STEPHENS, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

At an election held in the incorporated town of Cortland, in DeKalb county, on the 8th day of April, 1902, the appellant and the appellee were opposing candidates for the office of president of the incorporated town. The appellee was declared elected to said office. The appellant exhibited in the county court of DeKalb county a petition to contest such election. The appellee challenged the jurisdiction of the court to hear and determine the contest, and the county court arrived at the conclusion it was lacking in jurisdiction and dismissed the petition. The record is before us by this appeal.

The incorporated town of Cortland is a village or a collection of residences which was granted a special charter by an act of the legislature in force February 16, 1865. Such special charter provided for the election of five trustees for the incorporated town, one of whom, the charter provided, should be elected by the trustees as

president of the board of trustees. By the act in force July 1, 1887, the General Assembly provided that in addition to the trustees and other officers of towns and villages, a president of each and every village and incorporated town in the State should thereafter be elected annually by the voters of the village or town. This general statute operated to repeal the provisions of the special charter granted to the said incorporated town of Cortland so far as such special charter provided for the selection by the trustees of the village of a president of the board of trustees. (*McCormick* v. *People*, 139 Ill. 499.) The act of 1887 created the office of president of the incorporated town of Cortland, for which the parties hereto were candidates. On the 17th day of June, 1895, the General Assembly adopted an act amending section 97 of chapter 46, entitled "Elections." The section as amended expressly invested the circuit courts of the State and the superior court of Cook county with jurisdiction to hear and determine contests of the election of presidents of villages. Prior to the adoption of the amendatory act of 1895, sections 97 and 98 of said chapter 46, entitled "Elections," (Rev. Stat. 1874, p. 464,) were as follows:

"Sec. 97. The circuit courts of the respective counties shall hear and determine contests of the election of the judges of the county court of their counties, and in regard to the removal of county seats, and in regard to any other subject which may by law be submitted to the vote of the people of the county.

"Sec. 98. The county court shall hear and determine contests of election of all other county, township and precinct officers, and all other officers for the contesting of whose election no provision is made."

The amendatory act of 1895 is as follows:

"Sec. 97. The circuit courts in the respective counties, and in Cook county the superior court also, may hear and determine contests of the election of judges of the county court, mayors of cities, presidents of county

boards, presidents of villages, in reference to the removal of county seats and in reference to any other subject which may be submitted to the vote of the people of the county, and concurrent jurisdiction with the county court in all cases mentioned in section ninety-eight (98)."

The contention of the appellant is, that prior to the adoption of the amendatory act of 1895 the county court of DeKalb county, by virtue of the provisions of section 98 that such county court should hear and determine contests of election of "all other officers" for the contesting of whose election no provision was made, had jurisdiction to entertain and decide contests of the election of presidents of incorporated towns and villages, and that the amendatory act of 1895 had no effect to deprive county courts of such jurisdiction, but only to invest circuit courts with concurrent jurisdiction in such contests. In *Brush* v. *Lemma*, 77 Ill. 496, which was a proceeding to contest the election of the mayor of the city of Carbondale, we held the expression "all other officers," found in said section 98 of the Election law, referred only to officers of the like grade or class enumerated in the first branch of the section, namely, county, township and precinct officers, and that an incorporated city, town or village was a corporation of an entirely different class from corporations created by the State for the purpose of aiding in the affairs of the general government, such as counties, townships and precincts, and that county courts were without jurisdiction to hear and determine the contest of the election of the mayor of the city. The application of the doctrine there declared, to the case here in hand, would overturn the position of the appellant that the county court of DeKalb county, prior to the amendatory act of 1895, had jurisdiction of a proceeding to contest the election of a president of a town or village.

Had it been true that prior to the amendatory act of 1895 section 98 would have availed to confer jurisdiction on the county court to hear and determine contests of

the election to municipal·offices, still, since the amendatory act of 1895, section 97 as amended, and section 98, must be read and given effect together. Section .97 as amended expressly confers upon the circuit courts of the State and the superior court of Cook county jurisdiction to decide proceedings to contest the election of presidents of villages. Had the county court, by virtue of the provisions of section 98 with reference to the contest of other offices for which no provision was otherwise. made, been invested with jurisdiction of proceedings to contest the election of city and village officers, the adoption by the General Assembly of the amendatory act of 1895, specifically conferring jurisdiction of such contests upon the circuit courts, would have removed such municipal officers from the class of "all other officers" for which no provision for contests had been made and left the county court without further jurisdiction in such cases. Section 97 as amended, after placing jurisdiction to determine contests of the election of judges of the county courts, mayors of cities, presidents of county boards and presidents of villages in the circuit court, further provides that such circuit court shall have concurrent jurisdiction with the county court in all cases mentioned in section 98. It seems clear, therefore, the amendatory act was passed in view of our holding in *Brush* v. *Lemma,* *supra,* that the county court did.not, by section 98, take jurisdiction of contests of election to the office of mayors of cities or presidents of villages, and for the purpose of providing a tribunal for the determination of contests for those positions, and also for the purpose of giving the circuit court concurrent jurisdiction in the cases of which the county court took jurisdiction by virtue of section 98.

Section 10 of article 4 of chapter 24, entitled "Cities and Villages," (Rev. Stat. 1874, p. 217,) it is urged, provides that the manner of contesting the election of all officers of cities and villages shall be the same as that provided for the election of county officers under the gen-

eral laws of the State. Section 98 of the Election law, before referred to, invests county courts with jurisdiction to entertain and determine proceedings to contest the election of county officers, hence, it is argued, the county court of DeKalb county had jurisdiction of the contest in the case at bar by virtue of the said provision of the said City and Village act. But the amendatory act of 1895 is the later enactment, is irreconcilably repugnant to such provisions of the City and Village act, and operated to repeal such provisions.

The special charter granted to the said incorporated town of Cortland empowered the president of the board of trustees of the town to serve, *ex officio*, as a member of the board of supervisors of DeKalb county. Appellant, for that reason, urges the office of president of the town of Cortland should be regarded as a county or township office, and that the county court of DeKalb county, under said section 98 of the Election law, had full power to hear and determine contests for either county or township offices. The president of the town of Cortland is elected by the voters of that incorporated village. The voters of the county, and the voters of the subdivision of a county known as a "town," under the Township Organization law, not voters in the incorporated town, are not eligible to participate in his election. The status of the officer is not to be determined by any powers merely *ex officio* in character. Within the meaning of the election statutes he is an official of the incorporated town of Cortland, and not of the county of DeKalb or any town under the township organization system of that county.

The county court was wanting in jurisdiction to determine the legality of the election of the appellee to the office in question.

The judgment is affirmed. *Judgment affirmed.*