RALPH N. BAKER *et al.* Appellees, *vs.* CYRUS L. SHINKLE, Appellant.

*Opinion filed February 25, 1911.*

1. STATUTES—*effect of amendment of statute by subsequent act.* An amendment of a statute by a subsequent act operates precisely as if the subject matter in the amendment had been incorporated in the prior act at the time of its adoption.

2. SAME—*doctrine of ejusdem generis is applied only as an aid in ascertaining the legislative intent.* The doctrine of *ejusdem generis* can only be used as an aid in determining the legislative intent, and it will not control or confine the meaning of the statute to narrower limits than the legislature intended.

3. ELECTIONS—*sections 97 and 98 of the Election law should be construed together.* In ascertaining the jurisdiction of the county court in election contest cases, section 97 of the Election law, as amended in 1895, and section 98, must be read and given effect together, and the words used should be given their ordinary meaning.

4. SAME—*county court has jurisdiction to hear contest of election of park district trustees.* Under the language "all other officers for the contesting of whose election no provision is made," used in section 98 of the Election law, the county court has jurisdiction to hear a contest of an election for trustees of a pleasure driveway and park district.

5. SAME—*trustees of park district do not have power of village board of trustees over contested elections.*  The power of a village board of trustees to determine contests of election of its own members exists by reason of the provisions of the Cities and Villages act that the city council shall be judge of the election of its own members and that village boards shall have the powers of city councils in cities not exceeding a certain population, but there is no ground for extending such power to the trustees of a pleasure driveway and park district under the language of section 12 of the Park act of 1893, providing for the establishment of such districts.

6. SAME—*section 98 of the Election law applies to officers of municipal or quasi municipal corporation.*  The provision of section 98 of the Election law providing that the county court shall have jurisdiction of a contest of the election of certain officers "and all other officers for the contest of whose election no provision is made," must be read "all other like officers," etc., and extends to the officers of any public corporation, municipal or *quasi* municipal, for the contest of whose election no provision is made.

APPEAL from the County Court of Sangamon county; the Hon. GEORGE W. MURRAY, Judge, presiding.

ALBERT SALZENSTEIN, C. F. MORTIMER, C. A. JONES, and MASTERS & MASTERS, for appellant.

A. D. STEVENS, and HAMILTON & CATRON, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

Ralph N. Baker, John E. George and John Hartmann, appellees herein, on June 4, 1910, instituted proceedings in the county court of Sangamon county by which they sought to contest the election of Harry L. Ide, John H. McCreery and appellant, Cyrus L. Shinkle, to the offices of trustees of the Pleasure Driveway and Park District of Springfield. Appellant interposed a demurrer challenging the jurisdiction of the county court to hear the petition. That court, after a hearing, overruled the demurrer. Subsequently a stipulation was entered into between appellant and appellees, in which it was provided that appellant was to abide by his demurrer, and that appellees, in support of their petition,

should introduce certain evidence. After this evidence was introduced the court found that the appellees had been duly elected as trustees of said district. From that order this appeal was prayed.

Counsel on both sides concede that the right to contest an election is purely statutory. It is contended on one side and denied on the other, that the county court was authorized to hear this contest under sections 97 and 98 of the Election law. Those sections read as follows:

"Sec. 97. The circuit courts in the respective counties, and in Cook county the superior court also may hear and determine contests of the election of judges of the county court, mayors of cities, presidents of county boards, presidents of villages, in reference to the removal of county seats and in reference to any other subject which may be submitted to the vote of the people of the county, and concurrent jurisdiction with the county court in all cases mentioned in section ninety-eight (98).

"Sec. 98. The county court shall hear and determine contests of election of all other county, township and precinct officers, and all other officers for the contesting of whose election no provision is made." (Hurd's Stat. 1909, p. 971.)

Said section 97 was amended to read as it now stands in 1895. Prior to that time it read as follows: "The circuit courts of the respective counties shall hear and determine contests of the election of the judges of the county court of their counties, and in regard to the removal of county seats, and in regard to any other subject which may by law be submitted to the vote of the people of the county." (Laws of 1871-72, p. 396.)

This court held in *Brush* v. *Lemma,* 77 Ill. 496, that the county court did not have jurisdiction to hear an election contest as to the mayor of a city under a special charter, on the ground that the expression, "all other officers," etc., did not include the office of mayor of an incorporated city,

as the latter office was not of the same class or grade as county, township or precinct officers mentioned in the first part of said section. In the later decisions of *Linegar* v. *Rittenhouse,* 94 Ill. 208, and *Winter* v. *Thistlewood,* 101 id. 450, this court held that the county court had jurisdiction under this section, in connection with section 57 of the Cities and Villages act, to hear and determine contested elections of mayors of cities organized under the general law relating to cities and villages; and in *Foley* v. *Tyler,* 161 Ill. 167, it was decided that the county court had this same jurisdiction to hear contested elections as to the officers of villages organized under the general Cities and Villages act, and that therefore that court had jurisdiction to hear a contest as to the president or clerk of a village but not as to the trustees. In *Misch* v. *Russell,* 136 Ill. 22, after discussing at some length the rule laid down in *Brush* v. *Lemma, supra,* to the effect that cities are not of the same class of corporations as counties, townships and precincts referred to in said section 98, we held that the contest as to president of a school board was properly brought in the county court, as school districts were of the same class or grade as the corporations mentioned in the first part of said section 98. All of these decisions construe these sections as they stood before the amendment of 1895.

Whether the reasoning of *Brush* v. *Lemma, supra,* would prevent the county court having jurisdiction in this contest, as contended by counsel for appellant, or whether, as contended by counsel for the appellees, the reasoning of *Misch* v. *Russell, supra,* in effect overrules *Brush* v. *Lemma, supra,* and would give the county court jurisdiction in matters of this kind even as the law stood before said amendment of 1895, we do not find it necessary to decide. The law under which this district was organized went into effect July 1, 1893. (Hurd's Stat. 1893, p. 1601.) It was therefore in force at the time of the amendment to section 97, in 1895. An amendment of a statute by a subse-

quent act operates precisely as if the subject matter in the amendment had been incorporated in the prior act at the time of its adoption. (Black on Interpretation of Laws, sec. 131; *Village of Melrose Park* v. *Dunnebecke,* 210 Ill. 422; Endlich on Interpretation of Statutes, sec. 294.) In *King* v. *Jordan,* 198 Ill. 457, we had occasion to consider these sections of the statute with reference to the jurisdiction of the county court in election contests, and held that section 97 as amended, and section 98, "must be read and given effect together." Section 97 as it now stands refers not only to the contest of elections as to county officers, but also as to certain city officials. Reading the two sections together, it is clear, even under the doctrine of *ejusdem generis* contended for by counsel for appellant, that the words, "all other officers for the contesting of whose election no provision is made," in section 98, refer not only to officers other than county, township and precinct officers, but to officers other than city officers, and would therefore, under the reasoning of all the authorities heretofore cited, fairly include a contest as to the officers of the corporation here in question, whether such park district be considered a municipal or a *quasi* municipal corporation.

It is further contended by appellant that because by section 12 of the Park act it is provided that the election shall be called, the polling places and judges and clerks appointed and the official ballots furnished by the president and board of trustees, and the election "conducted and the votes canvassed and the returns made to the said board of trustees of any such districts in the manner as is required of the president and board of trustees of incorporated villages in this State acting under the general law for the incorporation of cities and villages," therefore a contest as to trustees must be decided by the trustees themselves, the same as a contest as to trustees of a village or as to aldermen under the general Cities and Villages act. We cannot so hold. That (general Cities and Villages) act provides (sec. 6,

art. 3,) that "the city council shall be judge of the election and qualification of its own members," and section 8 of article 11 that the village board, when organized, shall be considered, in law, a body politic, and possessed of all the powers as a corporation conferred in said act upon cities not exceeding 5000 inhabitants. It is because of these provisions that in *Linegar* v. *Rittenhouse, supra,* and *Foley* v. *Tyler, supra,* it was held that the city council and board of trustees under the general Cities and Villages act had jurisdiction of contests affecting their members. It will be noted that the part quoted from section 12 of the Park act does not refer in any way to election contests, neither does it state that the trustees of the park districts shall have like power as the trustees of villages.

In construing these sections of the statute, in order to find the intent of the legislature, we should give the ordinary meaning to the words. To hold, as contended for by counsel for appellant, that all officers who are not county, township or precinct officers must be excluded from the meaning of the phrase "all other officers," would be, as was said in *Misch* v. *Russell, supra,* "to render these words wholly meaningless and of no effect." The doctrine of *ejusdem generis* can only be used as an aid in ascertaining the legislative intent. It will not control or confine the meaning of the statute to narrower limits than was intended by the law-makers. To deny a word its ordinary meaning the courts must be sure they are following the legislative intention. (2 Lewis' Sutherland on Stat. Construction,—2d ed.—par. 437.) Under any reasonable application of the rule we are now considering, the phrase "all other officers" must be read "all other like officers" for the contesting of whose election no provision is made, and the officers of any public corporation, whether municipal or *quasi* municipal, must be held to be "like officers."

The finding and judgment of the county court must therefore be affirmed.

*Judgment affirmed.*