H. F. SHIRAR *et al.* Appellants, *vs.* ELBRIDGE TOWNSHIP *et al.* Appellees.

*Opinion filed April 19, 1911.*

1. ELECTIONS—*a proceeding to contest election is purely statutory.* A proceeding to contest an election is purely statutory, and in the absence of a statute conferring jurisdiction the courts are without power to entertain such a proceeding.

2. SAME—*the county court has no jurisdiction to hear contest of election on a hard roads proposition.* The jurisdiction of the county court to hear election contests is limited to contests of the election of officers, and does not include an election upon the proposition to levy a special tax to build a hard road.

APPEAL from the County Court of Edgar county; the Hon. W. S. LAMON, Judge, presiding.

WILBER H. HICKMAN, for appellants.

F. T. O'HAIR, and W. H. CLINTON, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

At the annual town meeting held on April 5, 1910, in Elbridge township, in Edgar county, a proposition for a "special tax for New Providence gravel road" was submitted to the voters, and the canvassing board declared that there was a majority of the votes for the proposition. The appellants, citizens and tax-payers of the town, filed their petition in the county court for a contest of the election, alleging that a majority of the votes cast were against the proposition and that the canvassing board were guilty of numerous irregularities and made many mistakes in counting the votes, and they asked for a re-count of the ballots. The appellees appeared and moved the court to dismiss the petition for want of jurisdiction. The motion was sustained and the petition dismissed, and this appeal was taken.

A proceeding to contest an election is purely statutory, and in the absence of a statute conferring jurisdiction the courts are without power to entertain a proceeding of that kind. Section 97 of the Election law authorizes circuit courts to hear and determine contests of the election of certain officers, and the jurisdiction of county courts is conferred by section 98, which is as follows: "The county court shall hear and determine contests of election of all other county, township and precinct officers, and all other officers for the contesting of whose election no provision is made." The jurisdiction of the county court is limited to contests of the election of officers, and a contest of an elec-

tion for or against a special tax for building a gravel road is not a contest of the election of any officer.

The county court did not err in dismissing the petition for want of jurisdiction, and the judgment is affirmed.

*Judgment affirmed.*