S. S. TAYLOR *et al.* Appellees, *vs.* THE TRUSTEES OF SCHOOLS, ETC., Appellants.

*Opinion filed December 22, 1915.*

1. ELECTIONS—*jurisdiction to hear an election contest is purely statutory.* Any authority of a court to hear and determine an election contest must be found in the statute, as jurisdiction in such cases is purely statutory.

2. SAME—*the county court cannot hear contest of election on proposition to discontinue high school district.* Neither section 98 of the Election law nor section 26 of the School law authorizes the county court to hear and determine a contest of an election upon the proposition to discontinue a township high school district. (*Misch* v. *Russell,* 136 Ill. 22, distinguished.)

APPEAL from the County Court of Randolph county; the Hon. J. B. MESSICK, Judge, presiding.

RALPH E. SPRIGG, for appellants.

H. CLAY HORNER, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

On April 10, 1915, an election was held in the Sparta township high school district of Randolph county, at which election the proposition whether or not such high school district should be discontinued was voted upon. Appellees

thereafter filed a petition in the county court of Randolph county, to contest the said election, from which it appears, among other things, that according to the returns of the election officers a majority of votes were cast in favor of discontinuing such high school district. Appellants entered a special appearance and made a motion to dismiss said petition on the ground that the county court had no jurisdiction to hear and determine such election contest. The court overruled such motion and proceeded to hear and determine the contest, and entered judgment declaring said election void for lack of a proper petition calling for the election and because the said election was not called by the proper officer. Appellants have appealed to this court, assigning as error the action of the court in overruling their motion to dismiss for want of jurisdiction, and this is the only question to be determined on this appeal.

The contesting of elections is purely statutory, and any authority which the county court had to hear and determine this contest is to be found in the Election law, if such authority exists. (Hurd's Stat. 1913, chap. 46, sec. 94, et seq.) Section 94 provides that the legislature, in joint meeting, shall hear and determine cases of contested elections of Governor and other State officers therein named. Section 95 provides that the senate and house of representatives shall severally hear and determine contests of the election of their respective members. Sections 96 and 97 provide that the circuit court shall hear and determine contests of the election of certain officers therein named, and also in reference to the removal of county seats and in reference to any other subject which may be submitted to a vote of the people of the county, and shall have concurrent jurisdiction with the county court in all cases mentioned in section 98. The jurisdiction of the county court to hear and determine contests of election is fixed by section 98, which is as follows: "The county court shall hear and determine contests of election of all other county, township and pre-

cinct officers, and all other officers for the contesting of whose election no provision is made." The circuit court or county court would not have jurisdiction to hear and determine an election contest involving any of the State officers mentioned in section 94, or of the contest of an election of a member of the legislature, which is provided for in section 95. Nor could it be contended that a county court would have any jurisdiction or authority to hear and determine the contest of an election of any of the officers or propositions mentioned in sections 96 and 97, or of any other matter than election contests of those officers mentioned in section 98.

Appellees rely on the case of *Misch* v. *Russell,* 136 Ill. 22, as holding that the county court had jurisdiction to entertain the election contest in question. In that case a petition to contest the election of president of the board· of education of a school district was filed in the county court. A motion was made to dismiss such petition, and it was claimed that under the rule of construction usually indicated by the phrase *ejusdem generis,* the words "all other officers," as used in section 98, must be limited to other officers of the same grade or class as those specifically mentioned, and that such construction necessarily excludes the officers of school districts. The court held that even if the rule of *ejusdem generis* were applied in construing the statute in question, under a reasonable application of the rule officers of school districts should be held to be included in the general description "all other officers," for the reason that the officers of school districts are officers of *quasi* municipal corporations which are of the same class as counties, townships and precincts. But there is nothing in the opinion of that case which would indicate that under section 98 the county court has any jurisdiction to entertain an election contest except in the case of officers.

Appellees also refer to section 26 of the School law. (Hurd's Stat. 1913, p. 2180.) But this section only ap-

plies to elections of school trustees and contesting such elections, and provides that "the manner of contesting the election, shall be the same as prescribed by the general election laws of the State defining the manner of electing magistrates and constables, so far as applicable, subject to the provisions of this act." It has no application to any proposition that may be voted on at a school election or a contest over such proposition.

There is no jurisdiction given to the county court, by reason of section 98 of the Election law, to entertain a contest of election on any proposition that has been submitted to be voted upon. In *Brush* v. *Lemma,* 77 Ill. 496, it was held that the county court has no jurisdiction of a proceeding to contest the election of mayor of a city incorporated under a special charter, and that a motion in the county court to dismiss the proceedings on the ground that the county court had no jurisdiction of the subject matter was properly allowed. In *Shirar* v. *Elbridge Township,* 249 Ill. 617, we held that a proceeding to contest an election is purely statutory, and in the absence of a statute conferring jurisdiction the courts are without power to entertain such a proceeding; that the jurisdiction of the county court to hear election contests is limited to contests of the election of officers and does not include an election upon the proposition to levy a special tax to build a hard road, and that the county court properly dismissed a petition for such contest for want of jurisdiction.

As the county court had no jurisdiction to hear and determine the contest in question the motion to dismiss the petition should have been allowed.

The judgment of the county court will be reversed and the cause remanded to that court, with directions to allow the motion to dismiss the petition for want of jurisdiction.

*Reversed and remanded, with directions.*