**470**

AGNES KOHOUT, Appellee, *vs.* ANTON RENCH, Appellant.

*Opinion filed June 20, 1930—Rehearing denied October 14, 1930.*

CHARLES J. MICHAL, for appellant.

URBAN A. LAVERY, for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

At the annual election held in the village of Stickney, in Cook county, on April 16, 1929, Anton Rench, Edward C. Kabella and John Denemark were the candidates for the office of president of the village. The local canvassing board found that Rench had received the highest number of votes and he was declared elected to the office. Shortly thereafter, Agnes Kohout, a resident and qualified elector of the village, by authority of section 112 of the

general Election law, filed in the county court of Cook county, a petition for a re-count of the ballots cast at the election. Rench challenged the jurisdiction of the county court to hear and determine the contest. The court decided that question in the affirmative, re-counted the ballots, found that Kabella had received the highest number of the votes cast and declared him elected. From that judgment Rench prosecutes this appeal.

The sole question presented for determination on this appeal is whether the county court had jurisdiction to hear and determine the present contest. The appellant contends that jurisdiction of the subject matter of the proceeding was vested exclusively in the circuit or superior court of Cook county, and hence that the judgment rendered by the county court is void.

The right to contest an election exists only by virtue of constitutional or statutory provision and when conferred, the proceeding must be conducted in or before the body or court which is designated. (*Linegar* v. *Rittenhouse,* 94 Ill. 208; *Misch* v. *Russell,* 136 id. 22; *Shirar* v. *Elbridge Township,* 249 id. 617). The village of Stickney was organized under the general act for the incorporation of cities and villages approved April 10, 1872, in force July 1, 1872, (Laws of 1871-1872, p. 218; Cahill's Stat. 1929, p. 300; Smith's Stat. 1929, p. 328). The pertinent provision of section 10 of article 4 of that act, as originally enacted and still in force, reads: "The manner of conducting and voting at elections to be held under this act and contesting the same, the keeping of poll-lists and canvassing the votes, shall be the same, as nearly as may be, as in the case of the election of county officers, under the general laws of this State." The general Election law entitled "An act in regard to elections, and to provide for filling vacancies in elective offices," (Laws of 1871-1872, p. 380; Cahill's Stat. 1929, p. 1149; Smith's Stat. 1929, p. 1249), was enacted by the same General Assembly and also became

effective on July 1, 1872. With respect to contests of the election of county officers, the act provided:

"Sec. 97. The circuit courts of the respective counties shall hear and determine contests of the election of the judges of the county court of their counties, and in regard to the removal of county seats, and in regard to any other subject which may by law be submitted to the vote of the people of the county."

"Sec. 98. The county court shall hear and determine contests of election of all other county, township and precinct officers, and all other officers for the contesting of whose election no provision is made."

The foregoing statutes were applied in *Winter* v. *Thistlewood,* 101 Ill. 450, which was a proceeding instituted in the county court of Alexander county to contest the defendant's election to the office of mayor of the city of Cairo. The petition contained an allegation that the city was incorporated under the general Cities and Villages act. The county court sustained a demurrer to the petition and dismissed it for the want of jurisdiction. Upon appeal, this court said that it would seem beyond controversy that the election was held under the general law relating to the incorporation of cities and villages; that, being so held, the manner of contesting the election should be the same, as nearly as might be, as in the case of the election of county officers under the general laws of the State, and that, since the only county office to be contested in the circuit court was that of county judge, and the county court should hear and determine contests of election of all other county officers, the contest was properly instituted in the county court. Accordingly, the decree of the county court was reversed and the cause was remanded to that court with directions to overrule the demurrer and to allow an answer to be filed. Section 98 of the general Election law was therefore incorporated into section 10 of article 4 of the general Cities and Villages act and jurisdiction to hear and

determine contests of the election of mayors of cities organized under the latter act was conferred upon the county courts.

Section 8 of article 11 of the Cities and Villages act, as originally enacted (Laws of 1871-1872, p. 262), provided that there should be elected in each village organized under the act, by the qualified electors therein, six trustees who should hold their office for one year and until their successors were elected and qualified, and who should choose one of their own number president. By an amendment approved May 28, 1879, effective July 1, 1879, (Laws of 1879, p. 67), the term of office of village trustee was made two years, and three, or one-half of the whole number of trustees, were to be elected annually. An act approved June 9, 1887, in force July 1, 1887, (Laws of 1887, p. 116), provided: "That in addition to the trustees and officers required by law, a president of each and every village and incorporated town shall hereafter be elected annually by the voters of such village or town, at the regular election of such village or town, commencing with the election of such village or town held in the year A. D. 1888, and such president of any village or incorporated town shall hold his office for the term of one year and until his successor is elected and qualified. The president of any village or incorporated town shall be president of the board of trustees thereof, and shall preside at all meetings of said board, and shall have the same powers and perform the same duties as are or may be given by law to the president of boards of trustees in villages, but he shall not vote except in case of a tie, when he shall give the casting vote."

This act was amended by an act effective April 17, 1903, (Laws of 1903, p. 117), in two respects, first, by making the term of the president of a village or an incorporated town two years, and second, by substituting for the clause "and shall have the same powers and perform the same duties as are or may be given by law to the president of boards

of trustees in villages," the clause "and shall have the same power and perform the same duties as are or may be given by law to the mayor in cities or that have heretofore been given to the president of the board of trustees in villages." After the creation of the office of village president, by the act effective July 1, 1887, that officer became the president of the board of trustees of a village organized under the general Cities and Villages act; and by section 10 of article 4 of that act, which adopted section 98 of the general Election law, jurisdiction of contests of the election of presidents of villages so organized was vested in the county courts.

Section 97 of the general Election law was amended by an act approved June 17, 1895, effective July 1, 1895, (Laws of 1895, p. 170) to read: "The circuit courts in the respective counties, and in Cook county the superior court also may hear and determine contests of the election of judges of the county court, mayors of cities, presidents of county boards, presidents of villages, in reference to the removal of county seats and in reference to any other subject which may be submitted to the vote of the people of the county, and concurrent jurisdiction with the county court in all cases mentioned in section ninety-eight (98)."

No change was made in section 98, but it remains in force as originally enacted in 1872. The contention of the appellant, however, is that section 97 as amended specifically confers jurisdiction of contests of the election of presidents of villages, among other officers, upon the circuit courts in the respective counties and in Cook county upon the superior court also, and hence that the county courts have no such jurisdiction. To sustain this contention, *King* v. *Jordan*, 198 Ill. 457; *Brueggemann* v. *Young*, 208 id. 181, and *People* v. *Dreher*, 302 id. 50, are cited. In *King* v. *Jordan* the contest concerned the election of president of the town of Cortland, in DeKalb county. The town had been granted a special charter by an act of the legislature in force Feb-

ruary 16, 1865. The charter made no provision for the contest of an election, and the town had never adopted the general Cities and Villages act. Obviously, the circuit court had exclusive jurisdiction of the proceeding under section 97 as amended for the contestant could not invoke section 10 of article 4 of the general Cities and Villages act to confer jurisdiction upon the county court. *Brueggemann* v. *Young* was a proceeding to contest the election of mayor of the city of Alton. The proceeding was instituted in the city court of that city and not in the county court of Madison county. The act under which the city court of Alton was organized vested it with jurisdiction "in all civil cases and in all criminal cases arising in said city." The city court possessed no other original jurisdiction. Since an election contest was not a "civil case" either at law or in equity, as often had been held, the city court had no jurisdiction of the proceeding. Clearly, the question whether the county court had jurisdiction of the contest could not have been presented. *People* v. *Dreher* was an original petition to this court for a writ of *mandamus* to restore the relator to the possession of the office of mayor of the city of Atlanta from which he had been illegally removed by the city council for alleged improper conduct and neglect of duty. There was no controversy concerning the relator's election to the office of mayor, and the question of a court's jurisdiction of an election contest could not have been raised or determined in the suit. Manifestly none of the authorities upon which the appellant relies support his contention.

The jurisdiction of the county courts to hear and determine contests of the election of mayors and presidents respectively of cities and villages, organized under the general Cities and Villages act remains unaffected by the amendment of section 97 of the general Election law. That there has been no deprivation of such jurisdiction is shown by *Zeman* v. *Dolan*, 279 Ill. 295, which was a proceeding in the circuit court of Cook county to contest the election of a judge of

the municipal court of Chicago. The contention was there made that the amendatory act of June 17, 1895, violated section 13 of article 4 of the constitution, which provides that, "No law shall be revived or amended by reference to its title only, but the law revived, or the section amended, shall be inserted at length in the new act." It was argued in support of this contention that the amendatory act, while complying with the constitution with respect to section 97, also amended section 98 without purporting to amend it and without inserting that section at length in the new act, and that the amendment effected a change in section 98 by making the jurisdiction of the county courts concurrent with the circuit courts, instead of exclusive in the county courts as it had been prior to the amendment. In denying the contention, Mr. Justice Cartwright, speaking for the court, said: "It is true that the act of 1895 makes the jurisdiction of circuit and county courts in the specified classes of contests concurrent, instead of exclusive, in the county court, but it does not follow that the jurisdiction of the county court was affected in the slightest manner or any provision of section 98 changed or altered in any particular. Since the enactment, as before, the county court has had jurisdiction to hear and determine contests of election of the various officers mentioned in section 98, undisturbed, unlimited and undiminished in any respect. The act neither confers upon nor takes away from the county court any right whatever and neither enlarges nor restricts its jurisdiction."

The county court had jurisdiction to hear the present contest, and the judgment of that court is affirmed.

*Judgment affirmed.*