The People of the State of Illinois ex rel. Walter F. Gallas, Appellee, v. Anton Krupicka, Appellant.

Gen. No. 38,038.

Opinion filed March 11, 1935.   Rehearing denied March 25, 1935.

MARKMAN, DONOVAN & SULLIVAN, of Chicago, for appellant; HENRY O. NICKEL, of Chicago, of counsel.

THOMAS J. COURTNEY, State's Attorney, and THOMAS M. ZASADIL, of Chicago, for appellee; THOMAS M. ZASADIL and ARTHUR A. SULLIVAN, of Chicago, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

In November, 1934, the board of trustees of the town of Cicero, Illinois, appointed defendant commissioner of public works; quo warranto proceedings were instituted against him resulting in a judgment of ouster, from which defendant appeals.

The relator claimed that the board of trustees of Cicero had no power to appoint a commissioner of public works; that this power was solely in the president of the board of trustees. The question presented is whether the board of trustees or the president had the sole power to make the appointment.

The town of Cicero was incorporated by a special act of the legislature in February, 1867; by an act passed and approved in March, 1869, the charter was revised. The government and corporate powers were

vested in the board of trustees, which was given full and exclusive powers of control in all respects. In *People v. Knopf*, 186 Ill. 457, it was noted that the powers and duties of the town of Cicero were greater than those of ordinary towns, cities and villages.

The power of appointment is usually regarded as one of the prerogatives of sovereignty. McQuillin Municipal Corporations, vol. 2 (2nd), sec. 472. In the absence of express authority the right of every corporation to select its officers and agents to carry out the purpose of its formation and existence is a common law incident. The power may be exercised by the board of trustees as the general agent of the municipality and it is the only authority which may exercise it. McQuillin Municipal Corporations, vol. 1 (2nd), sec. 394, vol. 2, sec. 424. It does not seriously seem to be disputed that under the charter the board of trustees of Cicero had the sole power of appointment.

The relator says that incorporated towns have no vested rights; that they are subject to legislative control and their charter may be amended by a general law, citing *Town of Cicero v. City of Chicago*, 182 Ill. 301; *City of Chicago v. Town of Cicero*, 210 Ill. 290; *People v. Crawley*, 274 Ill. 139. The relator contends that the power of appointment was vested solely in the president of the board of trustees by the act of the legislature concerning villages and incorporated towns, in force July 1, 1887, Cahill's Illinois Statutes, ch. 24, ¶ 1196, sec. 1, which provides that the president of any village or incorporated town shall have the same power and perform the same duties as are or may be given by law to the mayor in cities.

We have had occasion to consider this question in *People ex rel. Janosky v. Novotny*, 273 Ill. App. 254. The question there presented was whether the power of appointment was solely in the president of the vil-

lage board or in the board of trustees. We there cited a number of cases in which it was held that this power was in the board of trustees and not in the village president. Our opinion noted various provisions of the Act of 1887 and the argument that by this act the powers and duties of the president of a village board are the same as those of the mayor of a city; that the mayor of a city fills by appointment the offices of the city, subject to the approval of the city council. We held this contention could not be sustained.

We were of the opinion that the legislature by the Act of 1887 did not intend to change the functions of the president of a village and the board of trustees so as to give the president the power of appointment. We said, "The Act of 1887 does not refer to the power to fill offices at all, and we think it clear that if the legislature in 1887 intended to give such power to the president of a village it would have said so." Relator's brief gives approval to the decision in that case but seeks to distinguish it from the instant one by saying that that case involved the village of Stickney, which was created under the Cities and Villages Act, and that there is a difference between such municipalities and the town of Cicero, incorporated under a special charter. We do not think the distinction is material. In the *Janosky* case we were passing upon the Act of 1887 with respect to the question whether it granted the president of a village board powers of appointment. We held that it did not grant such powers, and this fact would be applicable to all villages and towns, whether incorporated under the Villages Act or under a special charter. If the Act of 1887 does not refer to the power to fill offices at all, as we held, how can it reasonably be argued that it gave power of appointment to the president of an incorporated town? We abide by the *Janosky* case, and applying what is there said to the instant case, we hold that

the legislature by the Act of 1887 did not change the provisions of the charter of the town of Cicero with respect to appointments, and that such power remained solely in the board of trustees.

*McCormick v. People,* 139 Ill. 499, is not in point. There was involved the question whether the president should be elected by the board of trustees or by the people, and it was held that by the Act of 1887 the president must be elected by the people, repealing by implication section 8 of the Act of 1872 which provided for the election of a president by the trustees. *King v. Jordan,* 198 Ill. 457, cited by relator, also involved the election of a president of a village.

Incidentally, we have not referred at length to the Cities and Villages Act enacted in 1872, as both parties to the instant case seem to agree that this act, and especially articles 6 and 11, has no application to the town of Cicero.

By an ordinance approved April 21, 1924, the town of Cicero created, among other things, the office of commissioner of public works, and provided that he should be appointed by the president, by and with the consent of the board of trustees; November 9, 1934, an ordinance was passed amending this prior ordinance by providing that the board of trustees should appoint all employees and officers; defendant was appointed by the board of trustees subsequent to the passage of this amending ordinance.

Defendant contends that the board of trustees could not delegate its power of appointment to the president, citing *City of Sullivan v. Cloe,* 277 Ill. 56, where it was held that a power conferred upon a particular body or set of public officials cannot be delegated to another body or other officials. A number of cases so holding might be cited. *People v. Clean Street Co.,* 225 Ill. 470; *City of Chicago v. Stratton,* 162 Ill. 494. We are inclined to hold that when, by its charter, the board

of trustees was given exclusive power to make appointments it must personally exercise those powers and cannot delegate them to anyone else.

We hold that by the special charter granted to the town of Cicero the government and corporate powers were specifically invested in the board of trustees, to be exercised by it and no others; that these powers include the power of appointment; that the Act of 1887 contains no provisions with respect to appointments which negative the powers vested in the board of trustees, and that there is nothing in that act, as amended in 1903, or in force July 1, 1917, which indicates an intention on the part of the legislature to give the power of appointment to the president. We also hold that the board of trustees was obligated to discharge its duties of appointment without delegating them to others; also, that the defendant, Anton Krupicka, was duly appointed to the office of commissioner of public works of the town of Cicero; that he duly qualified and was vested with the title to this office.

For the reasons indicated, the judgment of ouster of the circuit court is reversed.

*Reversed.*

O'Connor, P. J., and Matchett, J., concur.